985 F.2d 571
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald Rafael BELL-PARODI, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70026.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 15, 1993.*
Decided Feb. 4, 1993.
 
 Petition for Review of an Order of the Board of Immigration Appeals, INS No. Aik-wbf-eif.
 BIA
 PETITION GRANTED.
 Before ALDISERT,** GOODWIN and FLETCHER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Donald Rafael Bell-Parodi, a citizen of Nicaragua, applied for asylum under 8 U.S.C. § 1158(a), and withholding of deportation under 8 U.S.C. § 1253(h). The immigration judge denied his requests. On appeal the Board of Immigration Appeals ("the Board" or "BIA") took administrative notice of the fact that the Sandinistas had been voted out of power, reasoning that Bell-Parodi no longer had a well-founded fear of persecution in Nicaragua. It denied his application based solely on the notice taken, and it ordered him deported if he did not voluntarily depart within the term permitted.
 
 
 3
 We have jurisdiction to hear this matter under 8 U.S.C. § 1105a(a)(1). Because we find that the BIA improperly took administrative notice of the effect of the change in government in Nicaragua without giving Bell-Parodi notice of its intent to do so, and an opportunity to show cause why administrative notice should not be taken, or the record supplemented by further evidence, we grant the petition for review.
 
 
 4
 * An alien is eligible for asylum if he has a "well-founded fear" of persecution on account of race, religion, nationality, membership in a particular social group or political opinion, 8 U.S.C. § 1101(a)(42)(A), 8 C.F.R. § 208.13(b)(2), or, in extreme cases, based on past persecution. Matter of Chen, 20 I. & N. Dec. ----, slip op. at 5-8 (BIA Int. Dec. No. 3104, Apr. 25, 1989) (extremely debilitating physical and mental persecution, including imprisonment and severe beatings which caused permanent hearing loss, warranted grant of asylum for past persecution); 8 C.F.R. § 208.13(b)(1). The decision to grant asylum is within the discretion of the Attorney General. 8 U.S.C. § 1158(a). Whether an alien has a well-founded fear of persecution is a question of fact, and we review the BIA's determination under the substantial evidence standard. INS v. Elias-Zacarias, 112 S.Ct. 812, 815 (1992); Sanchez-Trujillo v. INS, 801 F.2d 1571, 1578 (9th Cir.1986); 8 U.S.C. § 1105a(a)(4).
 
 
 5
 An alien is eligible for withholding of deportation if his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1253(h). He must meet a higher standard than that required for asylum: "clear probability" of persecution. INS v. Cardoza-Fonseca, 480 U.S. 421, 448-50 (1987); INS v. Stevic, 467 U.S. 407, 430 (1984); Estrada-Posadas v. INS, 924 F.2d 916, 920 (9th Cir.1991).
 
 II
 
 6
 Bell-Parodi presented as evidence in support of his application to the immigration judge that he is related, through a deceased uncle, to the last official president in power prior to the Sandinista Revolution. While his aunt was living with the Bell-Parodi family, Sandinistas burned an effigy of the president in front of their home and denounced her as a Samocista. Bell-Parodi related that he himself was forced to leave school because he refused to accept the position of president in the local Sandinista Youth Group. He and his family suffered recriminations for failing to take part in Sandinista activities; the family was denied a ration card, Bell-Parodi was threatened with physical violence, and their home was pelted with garbage and rocks. One of his cousins and his mother was detained for attempting to secure a passport upon being called up for military service. During the detention, Bell-Parodi's mother was threatened with retaliation against her son. Sandinistas reportedly would take him at midnight to serve in the mountains, and like her nephew, he would "only return dead."
 
 
 7
 Bell-Parodi noted on his application for asylum that he left the country at the age of fourteen to resist increasing pressure to serve in the army. Although, by law, service was required of boys seventeen and older, Bell-Parodi explained, "if you were 12 and look[ed] big enough they [would] grab you and that was that." On the day he left, Sandinista soldiers arrived to recruit him and returned looking for him on several further occasions.
 
 III
 
 8
 Bell-Parodi's supplemented petition for review presents two basic arguments. First, Bell-Parodi claims that the BIA improperly took administrative notice that the Sandinistas no longer control the Nicaraguan government.[1] Second he contends that the BIA erred in finding that he had not established a sufficient fear of persecution by the Sandinistas warranting either asylum or withholding of deportation.
 
 
 9
 Bell-Parodi argues that he was denied due process because the BIA took administrative notice of the effect of the change of government in Nicaragua without giving him an opportunity to establish that the Sandinistas still exert significant control over the government. He insists that, notwithstanding the change of government, he retains a well-founded fear of persecution by Sandinistas who are still active in the country and capable of further persecuting him.
 
 
 10
 In Castillo-Villagra v. INS, 972 F.2d 1017, 1029 (9th Cir.1992), we held that the BIA "erred in taking notice of the change of government without providing the petitioners an opportunity to rebut the noticed facts." We explicitly rejected the position that due process requirements are satisfied by the petitioner's right, under 8 C.F.R. §§ 3.2 & 3.8, to move the BIA to reopen the proceedings and present evidence to rebut the noticed facts. Id. Here, as in Castillo-Villagra, Bell-Parodi did not receive warning from the BIA that administrative notice would be taken. Nor was he provided with an opportunity to contest or rebut by further evidence the facts of which administrative notice was taken. Id. at 1021.
 
 
 11
 Because the BIA improperly took administrative notice in this case, we must vacate its decision and remand under Castillo-Villagra, 972 F.2d at 1029, 1031. For the purposes of this appeal we do not pass on the sufficiency of the evidence adduced by petitioner in support of his requests for asylum and withholding of deportation. We reserve judgment on this issue until the BIA affords Bell-Parodi an opportunity to show cause why administrative notice should not be taken, or to supplement the record in order to rebut noticed facts in full compliance with his due process rights under the Fifth Amendment.
 
 
 12
 The petition for review is therefore GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Ruggero J. Aldisert, Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Bell-Parodi suggests that the form of the BIA decision violated due process. See Castillo v. INS, 951 F.2d 1117, 1121 (9th Cir.1991) ("Boilerplate opinions, which set out general legal standards yet are devoid of statements that evidence an individualized review of the petitioner's contentions and circumstances [do not] afford the petitioner the BIA review to which he or she is entitled ..."). Because we reject the BIA's use of administrative notice and remand, we need not reach the issue of whether the BIA decision, in this case, satisfies the Castillo standard