985 F.2d 573
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Antonio MENDEZ-NAVARRO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70624.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 13, 1992.*
Decided Feb. 4, 1993.
 
 Petition for Review of an Order of the Board of Immigration Appeals, INS No. Adp-pev-mpm.
 BIA
 PETITION GRANTED.
 Before ALDISERT,** GOODWIN and FLETCHER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Antonio Mendez-Navarro, a citizen of Nicaragua, applied for asylum under 8 U.S.C. § 1158(a) and withholding of deportation under 8 U.S.C. § 1253(h). The immigration judge denied his requests. On appeal the Board of Immigration Appeals ("the Board" or "BIA") took administrative notice of the fact that the Sandinistas had been voted out of power, reasoning that Mendez-Navarro no longer had a well-founded fear of persecution in Nicaragua. It denied his application based solely on the notice taken, and it ordered him deported if he did not voluntarily depart within the term permitted.
 
 
 3
 We have jurisdiction to hear this matter under 8 U.S.C. § 1105a(a)(1). Because we find that the BIA improperly took administrative notice of the effect of the change in government in Nicaragua without giving Mendez-Navarro notice of its intent to do so, and an opportunity to show cause why administrative notice should not be taken, or the record supplemented by further evidence, we grant the petition for review.
 
 
 4
 * An alien is eligible for asylum if he has a "well-founded fear" of persecution on account of race, religion, nationality, membership in a particular social group or political opinion, 8 U.S.C. § 1101(a)(42)(A), 8 C.F.R. § 208.13(b)(2), or, in extreme cases, based on past persecution. Matter of Chen, 20 I. & N. Dec. ----, slip op. at 5-8 (BIA Int. Dec. No. 3104, Apr. 25, 1989) (extremely debilitating physical and mental persecution, including imprisonment and severe beatings which caused permanent hearing loss, warranted grant of asylum for past persecution); 8 C.F.R. § 208.13(b)(1). The decision to grant asylum is within the discretion of the Attorney General. 8 U.S.C. § 1158(a). Whether an alien has a well-founded fear of persecution is a question of fact, and we review the BIA's determination under the substantial evidence standard. INS v. Elias-Zacarias, 112 S.Ct. 812, 815 (1992); Sanchez-Trujillo v. INS, 801 F.2d 1571, 1578 (9th Cir.1986); 8 U.S.C. § 1105a(a)(4).
 
 
 5
 An alien is eligible for withholding of deportation if his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1253(h). He must meet a higher standard than that required for asylum: "clear probability" of persecution. INS v. Cardoza-Fonseca, 480 U.S. 421, 448-50 (1987); INS v. Stevic, 467 U.S. 407, 430 (1984); Estrada-Posadas v. INS, 924 F.2d 916, 920 (9th Cir.1991).
 
 II
 
 6
 Mendez-Navarro presented as evidence in support of his application to the immigration judge that he is the son of a former Somoza military official and nephew of a noted opponent of the Sandinistas. Another of his uncles was jailed two to three months for having a "counter-revolutionary attitude." While attending university, Mendez-Navarro was asked to assist in the bombing and beating of Sandinista opponents, but he avoided complying with these requests. Eventually the "bloody" activism of his fellow students compelled him to leave school. He returned home to assist his family's small business. Because neither Mendez-Navarro nor any of his family members would join or cooperate with the local defense committees, they were denied ration cards. He was denounced and threatened by "Divine Mobs" and Sandinista neighbors who declared him a reactionary who should count on being punished one day. These Sandinistas engaged in a campaign of terror--descending upon the family house in groups of fifty to sixty people, firing weapons in the air, painting the walls with denunciations, and exploding molotov cocktails. Mendez-Navarro reported that he was told a warrant for his arrest had been issued and that he remained indoors at all times. He explained that he finally decided to leave Nicaragua when he and his brother were called for military service. Shortly after their departure, the family store was forced to close as part of an ongoing pattern of recrimination for the family's failure to participate in Sandinista activities.
 
 
 7
 Once in the United States, Mendez-Navarro testified that he participated actively in demonstrations organized by the Nicaraguan Resistance. He believed that the Sandinistas were aware of these activities and would retaliate more harshly on their account.
 
 III
 
 8
 Mendez-Navarro's supplemented petition for review can be viewed as presenting two basic arguments. First, Mendez-Navarro claims that the BIA improperly took administrative notice that the Sandinistas no longer control the Nicaraguan government. Second he contends that the BIA erred in finding that he had not established a sufficient fear of persecution by the Sandinistas warranting either asylum or withholding of deportation.
 
 
 9
 Mendez-Navarro argues that he was denied due process because the BIA took administrative notice of the effect of the change of government in Nicaragua without giving him an opportunity to establish that the Sandinistas still exert significant control over the government. He insists that, notwithstanding the change of government, he retains a well-founded fear of persecution by Sandinistas who are still active in the country and capable of further persecuting him.
 
 
 10
 In Castillo-Villagra v. INS, 972 F.2d 1017, 1029 (9th Cir.1992), we held that the BIA "erred in taking notice of the change of government without providing the petitioners an opportunity to rebut the noticed facts." We explicitly rejected the position that due process requirements are satisfied by the petitioner's right, under 8 C.F.R. §§ 3.2 & 3.8, to move the BIA to reopen the proceedings and present evidence to rebut the noticed facts. Id. Here, as in Castillo-Villagra, Mendez-Navarro did not receive warning from the BIA that administrative notice would be taken. Nor was he provided with an opportunity to contest or rebut by further evidence the facts of which administrative notice was taken. Id. at 1021.
 
 
 11
 Because the BIA improperly took administrative notice in this case, we must vacate its decision and remand under Castillo-Villagra, 972 F.2d at 1029, 1031. For the purposes of this appeal we do not pass on the sufficiency of the evidence adduced by petitioner in support of his requests for asylum and withholding of deportation. We reserve judgment on this issue until the BIA affords Mendez-Navarro an opportunity to show cause why administrative notice should not be taken, or to supplement the record in order to rebut noticed facts in full compliance with his due process rights under the Fifth Amendment.
 
 
 12
 The petition for review as modified in the supplemental brief is therefore GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Ruggero J. Aldisert, Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3