988 F.2d 118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Miguel Antonio CANO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70115.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 11, 1993.*
Decided Feb. 10, 1993.
 
 1
 Petition for Review of an Order of the Board of Immigration Appeals; No. Aki-xdc-yqn.
 
 
 2
 B.I.A.
 
 
 3
 PETITION GRANTED.
 
 
 4
 MEMORANDUM***
 
 
 5
 Before GOODWIN and FLETCHER, Circuit Judges, and HUFF,** District Judge.
 
 
 6
 Miguel Antonio Cano, a citizen of Nicaragua, applied for asylum under 8 U.S.C. § 1158(a), and withholding of deportation under 8 U.S.C. § 1253(h). The immigration judge denied his requests. On appeal the Board of Immigration Appeals ("the Board" or "BIA") took administrative notice of the fact that the Sandinistas had been voted out of power, reasoning that Cano no longer had a well-founded fear of persecution in Nicaragua. It denied his application based, in part, on the notice taken, and it ordered him deported if he did not voluntarily depart within the term permitted.
 
 
 7
 We have jurisdiction to hear this matter under 8 U.S.C. § 1105a(a)(1). Because we find that the BIA improperly took administrative notice of the effect of the change in government in Nicaragua without giving Cano notice of its intent to do so, and an opportunity to show cause why administrative notice should not be taken, or the record supplemented by further evidence, we grant the petition for review.
 
 
 8
 * An alien is eligible for asylum if he has a "well-founded fear" of persecution on account of race, religion, nationality, membership in a particular social group or political opinion, 8 U.S.C. § 1101(a)(42)(A), 8 C.F.R. § 208.13(b)(2), or, in extreme cases, based on past persecution. Matter of Chen, 20 I. & N. Dec. ----, slip. op. at 5-8 (BIA Int.Dec. No. 3104, Apr. 25, 1989) (extremely debilitating physical and mental persecution, including imprisonment and severe beatings which caused permanent hearing loss, warranted grant of asylum for past persecution); 8 C.F.R. § 208.13(b)(1). The decision to grant asylum is within the discretion of the Attorney General. 8 U.S.C. § 1158(a). Whether an alien has a well-founded fear of persecution is a question of fact, and we review the BIA's determination under the substantial evidence standard. INS v. Elias-Zacarias, 112 S.Ct. 812, 815 (1992); Sanchez-Trujillo v. INS, 801 F.2d 1571, 1578 (9th Cir.1986); 8 U.S.C. § 1105a(a)(4).
 
 
 9
 An alien is eligible for withholding of deportation if his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1253(h). He must meet a higher standard than that required for asylum: "clear probability" of persecution. INS v. Cardoza-Fonseca, 480 U.S. 421, 448-50 (1987); INS v. Stevic, 467 U.S. 407, 430 (1984); Estrada-Posadas v. INS, 924 F.2d 916, 920 (9th Cir.1991).
 
 II
 
 10
 Cano presented as evidence in support of his application to the immigration judge that he would be punished for failing to report for reserve service and for having fled to the United States. Having served in the army for two years, he objected to further participation in a "war within brothers." He relates that the military came looking for him after he left the country. On a previous occasion he was detained and questioned for two hours for participating in a strike.
 
 III
 
 11
 Cano's petition for review is based on two major arguments. First, Cano claims that the BIA improperly took administrative notice that the Sandinistas no longer control the Nicaraguan government. Second he contends that the BIA erred in finding that he had not established a sufficient fear of persecution by the Sandinistas warranting either asylum or withholding of deportation.
 
 
 12
 Cano argues that he was denied due process because the BIA took administrative notice of the effect of the change of government in Nicaragua without giving him an opportunity to establish that the Sandinistas still exert significant control over the government. He insists that, notwithstanding the change of government, he retains a well-founded fear of persecution by Sandinistas who are still active in the country.
 
 
 13
 In Castillo-Villagra v. INS, 972 F.2d 1017, 1029 (9th Cir.1992), we held that the BIA "erred in taking notice of the change of government without providing the petitioners an opportunity to rebut the noticed facts." We explicitly rejected the position that due process requirements are satisfied by the petitioner's right, under 8 C.F.R. §§ 3.2 & 3.8, to move the BIA to reopen the proceedings and present evidence to rebut the noticed facts. Id. Here, as in Castillo-Villagra, Cano did not receive warning that administrative notice would be taken. Nor was he provided with an opportunity to contest or rebut by further evidence the facts of which administrative notice was taken. Id. at 1021.
 
 
 14
 The government seeks to distinguish this case from Castillo-Villagra, noting that in addition to taking administrative notice of the change in government, the BIA also discussed specific reasons for its dismissal of Cano's appeal. Cf. Castillo-Villagra, 972 F.2d at 1023 ("[t]he Board gave no reason for its decision except for the facts of which it took administrative notice."). Because the BIA decision was not based solely on administrative notice grounds, we turn to Castillo v. INS, 951 F.2d 1117 (9th Cir.1991), for supplementary guidance. In Castillo, the court denied the petitioner's request for review based on its finding that the BIA decision's discussion of administrative notice was merely an alternative ground for its rejection of the petitioner's request. Id. at 1118-19. It emphasized that "the Board made it clear ... [these alternative grounds were] totally independent," id., and itself "explicitly stated that this finding was based on 'two distinct grounds, each of which is an independent basis for denial.' " Id. at 1120 (emphasis in original). In the present case, the BIA did not explicitly state that the specifically enumerated reasons were an independent basis for its dismissal of Cano's appeal. We are unable to conclude from the Board's opinion that its decision was not based in part on administratively noticed facts. Indeed, the BIA connected its administrative notice discussion with its discussion of specific reasons, employing the transition term "Moreover." Consequently, this court cannot find that the specific reasons cited by the BIA constitute an independent basis for its decision.
 
 
 15
 Because the BIA improperly took administrative notice in this case, in a manner not explicitly independent of its other stated reasons for affirming the immigration judge's decision, we must vacate its decision and remand. Castillo-Villagra, 972 F.2d at 1029; Castillo, 951 F.2d at 1120. For the purposes of this appeal we do not pass on the sufficiency of the evidence adduced by petitioner in support of his requests for asylum and withholding of deportation. We reserve judgment on this issue until the BIA affords Cano an opportunity to show cause why administrative notice should not be taken, or to supplement the record in order to rebut noticed facts in full compliance with his due process rights under the Fifth Amendment.
 
 
 16
 The petition for review as modified in the supplemental brief is therefore GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Marilyn L. Huff, United States District Judge for the Southern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3