995 F.2d 232
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Andrzej SALSKI, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70337.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1993.*
Decided May 25, 1993.
 
 Before FLETCHER, REINHARDT and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 A Polish alien seeks review of a decision of the Board of Immigration Appeals in which the BIA affirmed the immigration judge's denial of the alien's application for asylum, under 8 U.S.C. § 1158(a), and for withholding of deportation, under 8 U.S.C. § 1253(h). The BIA entered a final order of deportation against the petitioner. We have jurisdiction to review the deportation order pursuant to section 106 of the Immigration and Nationality Act, 8 U.S.C. § 1105(a). We deny the petition.
 
 BACKGROUND
 
 3
 The petitioner, Andrew Salski, a 43-year old Polish citizen, entered the United States on October 9, 1987 as a non-immigrant visitor with a class B-2 tourist visa which authorized him to stay until April 7, 1988. Salski conceded deportability at a hearing before an immigration judge on November 2, 1989, and applied for asylum under 8 U.S.C. 1158(a), and withholding of deportation under 8 U.S.C. 1253(h). The application was based on Salski's belief that he would be persecuted upon his return to Poland due to his involvement with the Solidarity union movement during the 1980s, and his hiring of Solidarity supporters on the staff of a professional journal, Cepelia, which he edited. The application was denied in November 1989 when an interim government composed of a coalition of Solidarity and Communist party members governed Poland, but before Solidarity leader Lech Walesa had been elected President. In December 1990, while Salski's appeal was pending, President Walesa was elected and sworn into office. The denial was affirmed by the Board of Immigration Appeals on April 26, 1991 in a written opinion.
 
 DISCUSSION
 I. DENIAL OF ASYLUM
 
 4
 We review the BIA's denial of asylum for an abuse of discretion. Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992). The factual findings underlying the refusal to grant asylum, including whether the alien has proved a well-founded fear of persecution, are reviewed under the substantial evidence standard. Abedini, 971 at 191. Reversal is warranted only where the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. Id.
 
 
 5
 Section 208(a) of the Refugee Act of 1980, 8 U.S.C. § 1158(a), provides the following five factors to serve as the basis for a claim of persecution in seeking asylum: (1) race, (2) religion, (3) nationality, (4) membership in a particular social group, and (5) political opinion. Section 208(a) gives the Attorney General discretion to grant asylum to an applicant who is unwilling to return to his native country because of past persecution or to an alien who can demonstrate that his individual circumstances present a "well-founded fear" of persecution based upon one of the five statutory factors. See 8 U.S.C. § 1101(a)(42)(A); Abedini, 971 F.2d at 191.
 
 A. Well-Founded Fear of Persecution
 
 6
 Ordinarily an alien must establish, through specific, direct, and concrete evidence, that he personally would be singled out for persecution on account of one of the five statutory factors, or that there is a reasonable possibility of such persecution. Sanchez-Trujillo v. INS, 801 F.2d 1571, 1573-74 (9th Cir.1986). The burden rests with the applicant to establish his eligibility. Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir.1992). The 'well-founded fear' standard has an objective component and a subjective component. Estrada-Posadas v. INS, 924 F.2d 916, 918 (9th Cir.1991). "The subjective component requires a showing that the alien's fear is genuine. The objective component requires a showing, by credible, direct, and specific evidence in the record, of facts that would support a reasonable fear of persecution." Id. (internal citations omitted). Salski expressed a fear of persecution and retribution for his efforts on behalf of the Solidarity organization under the Communist regime. The immigration judge found Salski's fear of persecution unreasonable considering that a coalition government that included a majority of Solidarity members in the Polish Parliament was then in place. AR 22, 24. The immigration judge's finding based on circumstances prevailing at the time of Salski's hearing was supported by substantial evidence in the record. While Salski may have demonstrated a genuine fear in his own mind, he has failed to show through credible evidence in the record that his fear of persecution is "well-founded."
 
 B. Past Persecution
 
 7
 Eligibility for asylum may be based on past persecution alone. In re Chen, Int.Dec. 3104 at 4 (BIA 1989). The BIA may grant asylum for humanitarian reasons, where an applicant or his family has suffered " 'under atrocious forms of persecution,' " even where there is little likelihood of future persecution. Id. at 5 (quoting The Handbook on Procedures and Criteria for Determining Refugee Status Under the 1951 Convention and the 1967 Protocol Relating to the Status of Refugees (Geneva 1979)).
 
 
 8
 The applicant in Chen was a Chinese Christian whose father had been systematically tortured for eight years due to his religious beliefs. From age eight, Chen was also tortured, harassed, and deprived of food and necessary medical attention. Salski's claims of warnings by the secret police to stop his anti-government activities and his firing from his job do not reach the level of persecution that would justify relief on humanitarian grounds under the Chen standard. Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993).
 
 II. DENIAL OF WITHHOLDING OF DEPORTATION
 
 9
 To qualify for withholding of deportation under 8 U.S.C. § 1253(h), an applicant must demonstrate a "clear probability of persecution." INS v. Stevic, 467 U.S. 407, 413 (1984). This standard is more stringent than the well-founded fear standard for asylum. INS v. Cardoza-Fonseca, 480 U.S. 421, 425, 443, 448 (1987); Berroteran-Melendez, 955 F.2d at 1258. The petitioner must show that it is more likely than not that he will be persecuted upon deportation. Cardoza-Fonseca, 480 U.S. at 430. Salski failed to demonstrate a well-founded fear of persecution. Accordingly, his proof does not meet the higher standard of a clear probability of persecution. Id.
 
 
 10
 The decision of the BIA is AFFIRMED and the petition for review is DENIED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3