17 F.3d 395
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Masrob Badros KRIKORIAN, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-70554.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 1, 1994.*
Decided Feb. 9, 1994.
 
 Before: SNEED, THOMPSON and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Masrob Badros Krikorian appeals the decision of the Board of Immigration Appeals (BIA) upholding the immigration judge's (IJ) denial of his application for asylum and withholding of deportation under 8 U.S.C. Secs. 1158(a) and 1253(h). We affirm.
 
 DISCUSSION
 
 3
 The BIA determined that Krikorian was statutorily ineligible for asylum and withholding of deportation because he failed to present objective evidence that he would face persecution based on his nationality, religion, social group membership or political opinion if returned to Iraq, his native country. We must uphold the BIA's factual findings if "supported by reasonable, substantial, and probative evidence on the record considered as a whole...." 8 U.S.C. Sec. 1105a(a)(4). We may reverse only if Krikorian's evidence in the record is "so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 112 S.Ct. 812, 817 (1992). We must defer to the decision of the BIA based on the entire record and "we may not reverse the BIA simply because we disagree with its evaluation of the facts...." De Valle v. INS, 901 F.2d 787, 790 (9th Cir.1990); Diaz-Escobar v. INS, 782 F.2d 1488, 1493 (9th Cir.1986).
 
 
 4
 A "well-founded fear" of persecution has both a subjective and an objective component. Diaz-Escobar, 782 F.2d at 1492. The IJ found Krikorian credible and determined that his subjective fear was genuine. However, "the objective component requires a showing by credible, direct and specific evidence in the record, of facts that would support a reasonable fear that the petitioner faces persecution." Id. Krikorian never presented any evidence other than his own testimony that he would be persecuted if returned to Iran, despite the IJ's repeated indications that he sought objective evidence. Although the IJ took notice of the 1991 hostilities between Iraq and the United States, Krikorian presented no documentary evidence to show that the general conditions in Iraq would uniquely affect him if he was returned. "In the absence of such an individualized showing, we do not conclude that refugee status exists." De Valle, 901 F.2d at 791.
 
 
 5
 Krikorian's subjective fear of persecution is based on: (a) his deceased father's membership in the Iraqi Communist Party; (b) his Armenian Christian religion; (c) his brother's death in 1980 at the hands of the Iraqi military; (d) his own refusal to join the Baath Party while in school; and (e) his twelve-year stay in the United States which puts him under suspicion of being a spy or a traitor. However, Krikorian's testimony indicates that his mother and sister who still live in Iraq have not been persecuted and have been able to practice their religion. Krikorian presented no evidence that he was individually persecuted while in Iraq. His being denied certain school benefits because of his refusal to join the Baath Party does not amount to persecution. Furthermore, he did not present any evidence that anyone similarly situated had been persecuted when they returned to Iraq. Instead, his objective fear is based on generalizations about the ruthlessness of the Iraqi government and the dangerous conditions in Iraq.
 
 
 6
 Asylum cannot be granted statutorily merely because the petitioner fears generalized conditions in his native country. Estrada-Posadas v. INS, 924 F.2d 916, 920 (9th Cir.1991); Sanchez-Trujillo v. INS, 801 F.2d 1571, 1581 (9th Cir.1986). Krikorian also testified that the Iraqi government would persecute him because he left Iraq rather than serve in the military during the Iraq-Iran war. However, "[f]ear of ... punishment for draft-evasion does not in itself constitute well-founded fear of persecution...." Elias-Zacarias, 112 S.Ct. at 819, n. 6. Because there is no specific and objective evidence in the record to support Krikorian's subjective fear, we must affirm the BIA's decision not to grant asylum.
 
 
 7
 Because Krikorian did not prove the lower standard of "well-founded fear of persecution" for granting asylum, the higher standard of proof ("clear probability of persecution") required for withholding of deportation has necessarily not been met. INS v. Cardoza-Fonseca, 480 U.S. 421, 425 (1987); De Valle, 901 F.2d at 790; Diaz-Escobar, 782 F.2d at 1492. Therefore we must affirm the BIA's decision not to withhold deportation.
 
 
 8
 Krikorian also claims that the IJ erred in failing to resubmit his asylum case to the Department of State for a second opinion. Although Krikorian requested and received a continuance in order to submit a new asylum application and supporting evidence of changed circumstances in Iraq, he never submitted supplemental material. Furthermore, Krikorian's attorney did not object to the lack of a second advisory opinion. Indeed, at the June 17, 1991 hearing on remand, Krikorian's attorney agreed with the IJ that no new advisory opinion would be sought because no additional materials were submitted. We conclude the IJ did not err in failing to request a new advisory opinion.
 
 
 9
 Because the BIA's decision is supported by reasonable, substantial and probative evidence in the record, the petition for review is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral arguments. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be sited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3