24 F.3d 247
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Luis LOPEZ-ARAUZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70745.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1994.*
Decided April 14, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Luis Enrique Lopez-Arauz, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' (BIA) denial of his applications for asylum and withholding of deportation. Lopez-Arauz contends that the BIA erred by upholding the immigration judge's (IJ) finding that his claim for asylum was not credible. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and we deny the petition.
 
 
 3
 We review the BIA's denial of asylum for abuse of discretion. Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992). We review its underlying fact findings, including credibility findings, under the substantial evidence standard. 8 U.S.C. Sec. 1105a(a)(4); Aguilera-Cota v. INS, 914 F.2d 1375, 1378, 1381 (9th Cir.1990). Under the substantial evidence standard, the BIA's denial of asylum and withholding of deportation, based on the evidence presented, must be substantially reasonable. Shirazi-Parsa v. INS, 14 F.3d 1424, 1427 (9th Cir.1994). To reverse the BIA's findings, we "must find that the evidence not only supports that conclusion, but compels it." INS v. Elias-Zacarias, 112 S.Ct. 812, 815 n. 1 (1992).
 
 
 4
 To establish eligibility for asylum, applicants must establish that they are refugees based on either past persecution or a well-founded fear of future persecution on account of political opinion or other factors. 8 U.S.C. Sec. 1101(a)(42)(A); Shirazi-Parsa, 14 F.3d at 1427 (well-founded fear standard has both subjective and objective components). An applicant's testimony alone suffices to establish a well-founded fear if it is credible, persuasive, and refers to specific facts that give rise to the inference that the applicant has been persecuted or has a good reason to fear future persecution. Estrada-Posadas v. INS, 924 F.2d 916, 918-19 (9th Cir.1991).
 
 
 5
 An IJ's credibility findings are granted substantial deference by reviewing courts. Turcios v. INS, 821 F.2d 1396, 1399 (9th Cir.1987). When an IJ rejects a witness's positive testimony on credibility grounds, however, the IJ should offer specific, cogent reasons for his or her disbelief. Id. Inconsistencies in the record may support a finding of noncredibility. Estrada-Posadas, 924 F.2d at 919; cf. Aguilera-Cota, 914 F.2d at 1382 (minor errors in applicant's testimony not valid grounds for finding applicant not credible).
 
 
 6
 Lopez-Arauz entered the United States without inspection at Brownsvill, Texas, on October 23, 1988, with the aid of a paid smuggler. He was apprehended at the time of entry and charged with deportability. Lopez-Arauz admitted the charge and on November 30, 1988, applied for asylum and withholding of deportation. He subsequently bonded out of INS custody and moved to Los Angeles, California, where his deportation case was recommenced. On April 20, 1989, Lopez-Arauz filed a second asylum application.
 
 
 7
 After a hearing, the IJ denied Lopez-Arauz's applications. The IJ found that Lopez-Arauz's claim was not credible because his two asylum applications were inconsistent and contradicted his hearing testimony, because parts of his story were inconsistent with his claims of persecution, and because of his "tone and demeanor." The BIA affirmed the IJ's findings.
 
 
 8
 In his first asylum application, Lopez-Arauz stated that if he returned to Nicaragua, the Sandinistas would put him in jail and kill him because of his anti-Sandinista views. He stated that he and his family had not been mistreated by the authorities because he "never gave them the opportunity." In his second application, however, Lopez-Arauz stated that he had been kidnapped and beaten by the Sandinista authorities in January and September 1988 and threatened with death in May 1988.
 
 
 9
 At the hearing, Lopez-Arauz testified about these three incidents and another that occurred in February 1988. He testified as follows regarding his two applications:
 
 
 10
 Q. Mr. Lopez, you had me prepare a second application for political asylum. Regarding the first application, who prepared that for you?
 
 
 11
 A. A Nicaraguan with a dictionary.
 
 
 12
 Q. And, do you [feel] that was a complete and detailed application?
 
 
 13
 A. No. I don't know. I knew that I had to present that application within the 10 days time that the Judge in Texas gave me.
 
 
 14
 We conclude that substantial evidence supports the IJ's credibility finding. See Shirazi-Parsa, 14 F.3d at 1427. The first application was not merely incomplete, possibly due to time pressure; the statement that Lopez-Arauz had not been mistreated by the authorities directly contradicts his second application and his hearing testimony. Moreover, in his applications, he stated that he obtained his passport himself. At the hearing, however, he testified that a travel agency obtained it for him because he was afraid it would be denied if he applied in person. The IJ cited these inconsistencies and more in finding that Lopez-Arauz's asylum claim lacked credibility. See Turcios, 821 F.2d at 1399. Accordingly, the BIA did not err by upholding the IJ's denial of Lopez-Arauz's applications for asylum and withholding of deportation. See Elias-Zacarias, 112 S.Ct. 815 at n. 1; Estrada-Posadas, 924 F.2d at 918-19.
 
 
 15
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3