985 F.2d 572
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nestor Onofre GUEVARA-MURILLO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70089.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 15, 1993.*
Decided Feb. 4, 1993.
 
 1
 Petition for Review of an Order of the Board of Immigration Appeals, INS No. Aez-bdw-oqu.
 
 BIA
 
 2
 PETITION GRANTED.
 
 
 3
 Before ALDISERT,** GOODWIN and FLETCHER, Circuit Judges
 
 
 4
 MEMORANDUM***
 
 
 5
 Nestor Onofre Guevara-Murillo, a citizen of Nicaragua, applied for asylum under 8 U.S.C. § 1158(a) and withholding of deportation under 8 U.S.C. § 1253(h). The immigration judge denied his requests. On appeal the Board of Immigration Appeals ("the Board" or "BIA") took administrative notice of the fact that the Sandinistas had been voted out of power, reasoning that Guevara-Murillo no longer had a well-founded fear of persecution in Nicaragua. It denied his application based solely on the notice taken, and it ordered him deported if he did not voluntarily depart within the term permitted.
 
 
 6
 We have jurisdiction to hear this matter under 8 U.S.C. § 1105a(a)(1). Because we find that the BIA improperly took administrative notice of the effect of the change in government in Nicaragua without giving Guevara-Murillo notice of its intent to do so, and an opportunity to show cause why administrative notice should not be taken, or the record supplemented by further evidence, we grant the petition for review.
 
 
 7
 * An alien is eligible for asylum if he has a "well-founded fear" of persecution on account of race, religion, nationality, membership in a particular social group or political opinion, 8 U.S.C. § 1101(a)(42)(A), 8 C.F.R. § 208.13(b)(2), or, in extreme cases, based on past persecution. Matter of Chen, 20 I. & N. Dec. ----, slip op. at 5-8 (BIA Int. Dec. No. 3104, Apr. 25, 1989) (extremely debilitating physical and mental persecution, including imprisonment and severe beatings which caused permanent hearing loss, warranted grant of asylum for past persecution); 8 C.F.R. § 208.13(b)(1). The decision to grant asylum is within the discretion of the Attorney General. 8 U.S.C. § 1158(a). Whether an alien has a well-founded fear of persecution is a question of fact, and we review the BIA's determination under the substantial evidence standard. INS v. Elias-Zacarias, 112 S.Ct. 812, 815 (1992); Sanchez-Trujillo v. INS, 801 F.2d 1571, 1578 (9th Cir.1986); 8 U.S.C. § 1105a(a)(4).
 
 
 8
 An alien is eligible for withholding of deportation if his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1253(h). He must meet a higher standard than that required for asylum: "clear probability" of persecution. INS v. Cardoza-Fonseca, 480 U.S. 421, 448-50 (1987); INS v. Stevic, 467 U.S. 407, 430 (1984); Estrada-Posadas v. INS, 924 F.2d 916, 920 (9th Cir.1991).
 
 II
 
 9
 Guevara-Murillo presented as evidence in support of his application to the immigration judge that he is the grandson of a former Somoza military commander who was arrested and detained after the Sandinista revolution, and the nephew of a man arrested and held for three months as a suspected contra. At a baseball game with this same uncle, he and twenty other spectators were rounded up for military service. After remaining a few days in what he described as an army jail, Guevara-Murillo escaped. When, shortly thereafter, he received an official draft notice, he decided to serve his military duty. According to petitioner, his Catholic faith, nevertheless, compelled him to express openly and frequently his opposition to Sandinista policies and practices. In the army he was routinely beaten for refusing to fire his weapon and for criticizing chiefs. He relates that one chief intended to rape a peasant woman and pointed a gun at Guevara-Murillo's head for speaking out against it. He was accused of acting like the contras and warned that he might meet their fate. He feared suffering an "accidental" death. Horrified by the events he had witnessed and denounced (including the killing of peasants and raping of women suspected of contra sympathies), Guevara-Murillo was confined to camp for seventeen months before being allowed to see his family (as other soldiers allegedly were permitted to do every fortnight). Upon his discharge, he spoke out against the Sandinistas and offered damning accounts of their activities.
 
 
 10
 Guevara-Murillo and his family refused to cooperate with Sandinista organizations including the Youth League and the local defense committees. They suffered retribution ranging from curtailed access to rations, to persistent threats of violence. Their home was painted with denunciations and they were informed that the defense committees had them under surveillance. Petitioner could not continue in school. He was constantly subject to efforts to beat him up and believed one of these street fights might become an excuse for his murder. He left Nicaragua in fear of being killed or "disappeared." A letter from his mother was introduced into evidence indicating that soldiers had been looking for him since his departure and that his life remained in danger.
 
 III
 
 11
 Guevara-Murillo's supplemented petition for review presents two basic arguments. First, Guevara-Murillo claims that the BIA improperly took administrative notice that the Sandinistas no longer control the Nicaraguan government. Second he contends that the BIA erred in finding that he had not established a sufficient fear of persecution by the Sandinistas warranting either asylum or withholding of deportation.
 
 
 12
 Guevara-Murillo argues that he was denied due process because the BIA took administrative notice of the change of government in Nicaragua without giving him an opportunity to establish that the Sandinistas still exert significant control over the government. He insists that, notwithstanding the change of government, he retains a well-founded fear of persecution by Sandinistas who are still active in the country and capable of further persecuting him.
 
 
 13
 In Castillo-Villagra v. INS, 972 F.2d 1017, 1029 (9th Cir.1992), we held that the BIA "erred in taking notice of the change of government without providing the petitioners an opportunity to rebut the noticed facts." We explicitly rejected the position that due process requirements are satisfied by the petitioner's right, under 8 C.F.R. §§ 3.2 & 3.8, to move the BIA to reopen the proceedings and present evidence to rebut the noticed facts. Id. Here, as in Castillo-Villagra, Guevara-Murillo did not receive warning from the BIA that administrative notice would be taken. Nor was he provided with an opportunity to contest or rebut by further evidence the facts of which administrative notice was taken. Id. at 1021.
 
 
 14
 Because the BIA improperly took administrative notice in this case, we must vacate its decision and remand under Castillo-Villagra, 972 F.2d at 1029, 1031. For the purposes of this appeal we do not pass on the sufficiency of the evidence adduced by petitioner in support of his requests for asylum and withholding of deportation. We reserve judgment on this issue until the BIA affords Guevara-Murillo an opportunity to show cause why administrative notice should not be taken, or to supplement the record in order to rebut noticed facts in full compliance with his due process rights under the Fifth Amendment.
 
 
 15
 The petition for review is therefore GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Ruggero J. Aldisert, Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3