10 F.3d 808
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Simon Julio ANTEZANA-SILES, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70397.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 2, 1993*.
Decided Nov. 26, 1993.
 
 Before: ALARCON, LEAVY and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioner argues that the State Department letter did not fulfill statutory requirements, because it appears to be a form letter. We reject this argument because he does not identify the statute violated, and we cannot find such a statute. Petitioner identifies a regulation, 8 C.F.R. Sec. 208.10(b), but it contains no language requiring a more specific or complete opinion than the one provided.
 
 
 3
 Nor has petitioner demonstrated that the Board of Immigration Appeals (BIA) decision was unsupported by substantial evidence. He did not present evidence so compelling that no reasonable factfinder could fail to find a well-founded fear of persecution. See Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). His argument that his brief military service and studies in the police academy would invite persecution by enemies of the dictatorship was speculative at best, and not supported by specific concrete evidence. See Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (per curiam). Indeed, the person in whose home he found a safe refuge was the former head of the police academy, his brother-in-law. Petitioner does not claim to have been politically active, nor does he show facts which would support a likely attribution by others of a political opinion to him. See Abedini v. INS, 971 F.2d 188, 192 (9th Cir.1992); cf. Estrada-Posadas v. INS, 924 F.2d 916 (9th Cir.1991). The two friends who were killed by unknown assailants had not been in the army or the police academy with petitioner. See Arriaga-Barrientos v. INS, 937 F.2d 411, 414 (9th Cir.1991).
 
 
 4
 Since petitioner's third contention is material only if he prevails on his asylum claim, we do not reach it.
 
 
 5
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3