21 F.3d 1114
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ram LOCHAN, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-70263.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1993.*
Decided April 14, 1994.
 
 Before: TANG, TROTT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ram Lochan, an ethnic Indian citizen of Fiji, petitions for review of the decision of the Board of Immigration Appeals (BIA) upholding the Immigration Judge's (IJ) denial of Lochan's petition for asylum and withholding of deportation. We deny the petition for review.
 
 I.
 
 3
 Ram Lochan came to the United States on March 1, 1988, to be with his wife who was receiving medical treatment in this country; she died one month after his arrival. In June, 1988, Lochan married a United States citizen, and then was later separated. The relative visa petition submitted on his behalf was withdrawn.
 
 
 4
 Lochan then filed an application for asylum and withholding of deportation. Lochan feared returning to Fiji after the 1987 coup, in which ethnic Fijian Lt. Colonel Rabuka seized power from the civilian government in Fiji, because the police were unable to protect Indian Hindus from increased prejudice and violence. After the coup, ethnic Fijian mobs stoned Indian homes, the military interfered with Hindu worship, and the government enforced laws designed to prevent travel or business on Sundays which further restricted Hindu worship. Lochan had never been detained, interrogated or imprisoned in Fiji, nor were any of his family members in Fiji endangered.
 
 II.
 
 5
 Section 208(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. Sec. 1158(a), "authorizes the Attorney General, in his discretion, to grant asylum to an alien who is unable or unwilling to return to his home country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." INS v. Cardoza-Fonseca, 480 U.S. 421, 423, 107 S.Ct. 1207, 1209 (1987), citing 8 U.S.C. Sec. 1101(a)(42) (defining "refugee"). The burden is on the alien to establish eligibility for asylum. Estrada-Posadas v. INS, 924 F.2d 916, 918 (9th Cir.1991). The BIA's factual determination that an alien has failed to prove a well-founded fear of persecution is reviewed for substantial evidence. Id. To reverse the BIA finding, this court "must find that the evidence not only supports that conclusion, but compels it...." INS v. Elias-Zacarias, 112 S.Ct. 812, 815 n. 1 (1992).
 
 
 6
 The adverse treatment feared by Lochan, while reprehensible, does not rise to the level necessary to justify a grant of asylum because there is no evidence that Lochan himself will be subject to violence or danger upon his return to Fiji. A "general level of violence or danger ... does not establish a claim of persecution." Arteaga v. INS, 836 F.2d 1227, 1232 (9th Cir.1988), citing Mendez-Efrain v. INS, 813 F.2d 279, 282 (9th Cir.1987) (no evidence of a "specific individualized threat" to petitioner). See also Arriaga-Barrientos v. INS, 937 F.2d 411, 414 (9th Cir.1991) (acts of violence against friends or family must "create a pattern of persecution closely tied to the petitioner" to justify asylum; allegations of isolated violence is not sufficient); Limsico v. INS, 951 F.2d 210, 212 (9th Cir.1991) ("General conditions of unrest do not establish a well-founded fear of persecution."); Rodriguez-Rivera v. INS, 848 F.2d 998, 1006 (9th Cir.1988) ("random violence does not substantiate a claim of persecution under the immigration laws"); Rebollo-Jovel v. INS, 794 F.2d 441, 448 (9th Cir.1986) (petitioner "must demonstrate that potential persecution would be directed at him as an individual," not merely that "political violence is widespread").
 
 
 7
 Although the harassment and crime against ethnic Indians in Fiji present a compelling picture of difficulty for ethnic Indians in that country and we are sympathetic to their plight, the evidence does not compel a finding of past persecution or well-founded fear of future persecution.
 
 III.
 
 8
 Withholding of deportation under section 243(h) of the INA, 8 U.S.C. Sec. 1253(h), is subject to a higher burden of proof than an application for asylum, as the petitioner must demonstrate a "clear probability" of persecution. See Cardoza-Fonseca, 480 U.S. at 430, 107 S.Ct. at 1212. Because Lochan failed to demonstrate a well-founded fear of persecution, this court need not "address whether the petitioner [ ] would meet the more stringent standard of a clear probability of persecution required for withholding of deportation." Berroteran-Melendez v. INS, 955 F.2d 1251, 1258 (9th Cir.1992).
 
 
 9
 The petition for review is DENIED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3