46 F.3d 1138
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rustam ALI, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent
 No. 94-70014.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Dec. 15, 1994.*
Decided: Jan. 12, 1995.
 
 Petition for Review of a Decision of the Board of Immigration Appeals, No. 94-70014 I&NS No. Atq-qee-uag.
 BIA
 PETITION DENIED.
 Before: WALLACE, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rustam Ali, an ethnic Indian citizen of Fiji, petitions for review of a ruling of the Board of Immigration Appeals ("Board") affirming the Immigration Judge's ("IJ") denial of his application for asylum and withholding of deportation. The Board concluded that Ali failed to demonstrate past persecution or a well-founded fear of persecution on account of race, nationality, religion, or political opinion. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a). We deny the petition.
 
 
 3
 * Section 208(a) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1158(a), authorizes the Attorney General, in her discretion, to grant asylum to an alien who is a refugee. The Act defines a refugee as an alien who is unable or unwilling to return to his or her country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. Sec. 1101(a)(42)(A).
 
 
 4
 A well-founded fear of persecution has both objective and subjective components. Estrada-Posadas v. INS, 924 F.2d 916, 918 (9th Cir. 1991). The subjective component may be satisfied by "an applicant's credible testimony that he genuinely fears persecution." Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir. 1993). The objective inquiry "requires a showing by credible, direct, and specific evidence of facts supporting a reasonable fear of persecution on the relevant ground." Shirazi-Parsa v. INS, 14 F.3d 1424, 1427 (9th Cir. 1994) (internal quotations and citations omitted). Finally, we review the Board's denial of asylum eligibility for substantial evidence. INS v Elias-Zacarias, 112 S. Ct. 812, 815, 117 L. Ed.2d 38 (1992). Under this deferential standard, we will reverse the Board's determination that an alien has failed to prove a well founded fear of persecution only if the evidence is "so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Id. at 817.
 
 II
 
 5
 Ali raises several issues on appeal. Ali contends that the Board erred in concluding that he failed to establish past persecution or a well-founded fear of persecution. Ali also asserts that the Board misstated the findings of the Country Reports.
 
 
 6
 Although the IJ found Ali to be a credible witness, the IJ concluded, and the Board agreed, that Ali had failed to establish individual persecution. The Board concluded that there was no evidence of individual persecution or that Ali was targeted by the Fijian government. Rather, the acts described by Ali all appear to be random incidents of violence that occurred in public areas. To establish the requisite fear of persecution, the applicant must establish particularized individual persecution, not merely conditions of discrimination or acts of harassment. Sanchez-Trujillo v. INS, 801 F.2d 1571, 1574 (9th Cir. 1986).
 
 
 7
 All the incidents described by Ali involve harassment against ethnic Indians by soldiers. Both the incidents in the park and on the bus appear to be random acts of harassment by Fijian soldiers against ethnic Indians. There was no evidence that the soldiers were specifically seeking out Ali. Further, Ali testified he was attacked by soldiers and beaten while walking to a Mosque. Although not to be taken lightly, there is no evidence that Ali was targeted by the Fijian government or that he was subject to individualized persecution. Accordingly, the Board's conclusion that Ali failed to establish the requisite fear of persecution for asylum is supported by substantial evidence.
 
 
 8
 Finally, Ali contends that the Board's misstatement of the Country Report and mischaracterization of the environment in Fiji denied him due process. The Board's opinion provided:
 
 
 9
 A review of the 1990 Country Reports for Fiji, submitted by the respondent, indicates that there is no policy by the Fijian government advocating discrimination or mistreatment of ethnic Indians. The Country Reports further state that Indians are subject to occasional harassment and crime based on race, which is compounded by inadequate political protection.
 
 
 10
 (BIA decision, E.R. at 5) (emphasis added). Ali argues that the actual Country Report provides evidence of a strong policy by the Fiji government of discrimination and provides that "Indians are subject to significant harassment and crime based on race, compounded by inadequate police protection." (E.R. at 112.) Ali contends that the Board's mischaracterization of the Report, along with its use of "occasional" rather than "significant" violates Ali's due process rights.
 
 
 11
 In a deportation proceeding, an alien is entitled to due process under the Fifth Amendment. Cuadras v. INS, 910 F.2d 567, 573 (9th Cir. 1990). Due process is satisfied by a full and fair hearing. Id. To prevail on a due process claim an alien must show that any alleged procedural errors were prejudicial. Diaz-Escobar v. INS, 782 F.2d 1488, 1494 (9th Cir. 1986).
 
 
 12
 Ali erroneously characterizes the Board's misstatement as a denial of due process. The Board considered all the evidence before it and denied Ali no procedural guarantees. The Board's characterization of the Country Report, although erroneous, does not detract from the Board's conclusion that Ali has failed to show past persecution or the requisite fear of future persecution for asylum. Even in light of the Board's error, substantial evidence supports the Board's denial of asylum to Ali.
 
 III
 
 13
 Because Ali failed to provide evidence that demonstrated the requisite fear of persecution required for asylum, it follows that he cannot meet the more stringent standard for withholding of deportation. DeValle v. INS, 901 F.2d 787, 793 (9th Cir. 1990).
 
 
 14
 The petition for review is DENIED.
 
 
 15
 PREGERSON, Circuit Judge, dissenting.
 
 
 16
 I dissent because neither the BIA nor the majority opinion address Ali's claim that he was subject to past persecution on account of his political beliefs.
 
 
 17
 Aliens can qualify as refugees, and thus for asylum, in two distinct ways. One is by showing past persecution, and the other is by showing a well-founded fear of future persecution. See 8 C.F.R. Sec. 208.13(b)(1) (1994). The IJ considered both these arguments (E.R. at 56), and Ali presented both arguments to the BIA. (E.R. at 23-24). However, the BIA did not seem to address separately the IJ's finding of no past persecution or Ali's claim that he was eligible for asylum on this ground. The BIA only analyzed the second way an alien can demonstrate eligibility for asylum--by showing a well-founded fear of future persecution. The BIA discussed the incidents of violence against Ali only in light of whether they would support a fear of future persecution. The majority opinion also fails to address Ali's claim that he was a victim of past persecution.
 
 
 18
 We have defined "persecution" as the "infliction of suffering or harm upon those who differ (in race, religion, or political opinion) in a way regarded as offensive." Cardoza-Fonseca v. INS, 767 F.2d 1448, 1452 (9th Cir. 1985). The record shows that Ali was harmed and made to suffer on account of his political beliefs. In December 1987, Ali, who was an active member of the Labor Party that supported the rights of Indians on Fiji, was stopped by Fijian soldiers on his way to the mosque where he regularly worshipped. The soldiers asked him if he still supported the Labor Party. Ali, nervous, hesitated. The soldiers then knocked him down, beat him, and insulted him for being Indian. When Ali reported this incident to the police, they said they would not protect Indians. Ali was clearly persecuted when he was physically beaten because of his political affiliations.
 
 
 19
 The BIA characterizes the violence Ali encountered as "random harassment." While I think this description is probably inaccurate, I also know of no cases that hold that random acts of violence by government officials cannot amount to persecution. Our definition of persecution does not weigh violence according to the motivations of the government officials inflicting it.
 
 
 20
 On the basis of the BIA's failure to consider past persecution against Ali, I would have remanded this case to the BIA. Aliens have two distinct ways of showing that they qualify for asylum. In overlooking one of those routes, the BIA denied Ali an important chance to show that he should be granted asylum.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3