46 F.3d 1144
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anant RAM; Reeta Lata Ram; Sangeeta Ram; Reena Ram; Nazra
Bibi Ram, Petitioners,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-70596.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Dec. 15, 1994.*
Decided: Jan. 12, 1995.
 
 Before: WALLACE, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Anant Ram, Nazra Bibi Ram and their three children ("the Rams"), ethnic Indian citizens of Fiji, petition for review of a decision of the Board of Immigration Appeals ("Board") upholding the Immigration Judge's ("IJ") denial of their application for asylum and withholding of deportation. The Board concluded that the Rams failed to demonstrate past persecution or a well-founded fear of persecution on account of race or political opinion. We have jurisdiction over this timely petition pursuant to 8 U.S.C. Sec. 1105a(a). We deny the petition.[1]
 
 
 3
 * Section 208(a) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1158(a) authorizes the Attorney General, in her discretion, to grant asylum to an alien who is a refugee. The Act defines a refugee as an alien who is unable or unwilling to return to his or her country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. Sec. 1101(a)(42)(A).
 
 
 4
 A well-founded fear of persecution has both objective and subjective components. Estrada-Posadas v. INS, 924 F.2d 916, 918 (9th Cir. 1991). The objective inquiry "requires a showing by credible, direct, and specific evidence of facts supporting a reasonable fear of persecution on the relevant ground." Shirazi-Parsa v. INS, 14 F.3d 1424, 1427 (9th Cir. 1994) (internal quotations and citations omitted).
 
 
 5
 We review the Board's denial of asylum eligibility for substantial evidence. Estrada-Posadas, 924 F.2d at 918. Under this deferential standard, we will reverse the Board's determination that an alien has failed to prove a well-founded fear of persecution only if the evidence is "so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 112 S. Ct. 812, 817 (1992).
 
 II
 
 6
 The Rams initially argue that the Board applied erroneous legal standards by addressing their attempt to demonstrate individualized persecution but failing to consider whether they had successfully established general persecution of an entire group based on race or political opinion. The Immigration and Naturalization Service ("INS") concedes that 8 C.F.R. Sec. 208.13(b)(2)(i)(A-B) permits an applicant to establish general persecution and avoid meeting the usual requirement of individual persecution, but it contends that the Rams did not raise this issue in their administrative appeal and that, in any case, it would not apply here.
 
 
 7
 Even assuming that the issue was timely raised, the Rams have not established general persecution of ethnic Indians in Fiji. An applicant must show a "pattern or practice" of persecution. The Rams have failed to show such a pattern. Although the State Department's Country Report for 1987 indicates that ethnic Indians are discriminated against by ethnic Fijians, the discrimination does not rise to persecution. Persecution requires a threat to the life or liberty of an individual or the infliction of suffering or harm on those who differ. That is not the case here. Fiji had no politically motivated killings and no massive arrests or detentions. During the time of the two coups, attacks on and harassment of ethnic Indians by ethnic Fijian citizens were unfortunately common, but the government has apparently sought to control such actions. Violence by civilians directed at other civilians does not amount to persecution unless it is government sponsored or the government is unwilling or unable to control the violence. According to the State Department, the number of human rights abuses "declined substantially" at the end of 1987. The Director of the Office of Asylum Affairs stated that, in recent months, "conditions in Fiji have improved measurably[,] [r]eports of human rights abuses have dropped sharply, the military has returned to barracks, vigor is returning to the judicial system and the press has resumed operations."
 
 
 8
 In our judgment, this method of proof is reserved for limited and egregious cases where an entire group is subject to persecution. See Kotasz v. INS, 31 F.3d 847, 852-53 (9th Cir. 1994) (applying this method of proof hypothetically to systematic persecution of Jews in Nazi Germany, while noting that non-pattern and practice persecution is "far more common."). Given the lack of evidence of groupwide persecution of ethnic Indians on account of their race or political opinion, the only plausible method by which the Rams could establish asylum was by showing individualized persecution.
 
 III
 
 9
 Next, the Rams argue that substantial evidence does not support the Board's determination that they failed to demonstrate individual past persecution or a well-founded fear of future persecution. We disagree.
 
 
 10
 The Rams presented the following testimony and evidence in support of their allegations of present and past persecution: (1) Anant Ram testified that his brother-in-law, who served as Attorney General in the short-lived ethnic Indian led government, was briefly placed under house arrest following the first coup; (2) Ram testified that he and his family were subject to acts of violence, including an attack on their property by a group of civilians that resulted in damage to their car; (3) Ram testified that he feared that his daughters might be victims of rape because other girls in their school had been raped; (4) Ram testified, and the family introduced evidence, that ethnic Indians were discriminated against by ethnic Fijians.
 
 
 11
 None of this evidence establishes grounds for asylum. The action taken by the Fijian military against Anant Ram's brother-in-law, while it might conceivably constitute persecution against the relative, does not demonstrate persecution against Ram. Persecution against family members, absent attacks on the petitioner, is not sufficient to support asylum unless there is a "pattern of persecution closely tied to the petitioner." Arriaga-Barrientos v. INS, 937 F.2d 411, 414 (9th Cir. 1991). Ram testified that he was not a member of any political party. While he did campaign for his relative, there is no evidence that the government took any notice of Ram. Although Ram alleged that he was hit once with a gun when he went to visit his brother, there is no additional evidence to tie this lone act to any government interest in the Rams or to show that it amounted to persecution because of Ram's race or political opinion. In any case, Anant Ram's mother, brother, and his wife's mother and two sisters are still living in Fiji. The presence of an applicant's family in his or her native country is evidence supporting the Board's decision. See Mendez-Efrain v. INS, 813 F.2d 279, 282 (9th Cir. 1987).
 
 
 12
 The testimony and submitted evidence regarding the general conditions of discrimination and violence against ethnic Indians is insufficient to show a reasonable fear of persecution. See Sanchez-Trujillo v. INS, 801 F.2d 1571, 1574 (9th Cir. 1986) (individual persecution, not merely conditions of discrimination must be shown for asylum).
 
 
 13
 The attack on the Rams' property was perpetrated by people wearing civilian clothes. Although Anant Ram thought they were soldiers, he conceded that they could have been acting on their own. Even if the attack constituted persecution by the Fijian Government against the Rams, they have not established that the violence was directed at them because of their race or political opinion. Indeed, the record reveals that the violence was random and directed against a series of houses in the same area. Some of the victims were ethnic Fijians. Ram admitted that his house may have been targeted because it was "a beautiful house ... in compar[ison] to other houses" in the area. A newspaper article contained in the record indicates that the Fiji military and police broke up the riot.
 
 
 14
 The remainder of Anant Ram's testimony, although the Board found it to be credible, was vague and unspecific, and it is insufficient to compel us to reach a different conclusion than the one reached by the Board.
 
 
 15
 Finally, although a newspaper article submitted by the Rams showed that rape was on the rise in Fiji, the Rams did not establish a connection between this fact and their family. The increase was apparently most prevalent among urban women, but there is no evidence that it was directed against ethnic Indians because of their status or that it was supported or encouraged by the Fijian Government. Knowledge of random violence is not sufficient to substantiate a claim of persecution. Rodriguez-Rivera v. INS, 848 F.2d 998, 1006 (9th Cir. 1988).
 
 IV
 
 16
 The Rams also argue that the Board's decision was deficient in that it failed to recount all of the Rams' evidence. We disagree. The Board's opinion must set out "an adequate statement of [its] reasons for denying the petitioner relief." Castillo v. INS, 951 F.2d 1117, 1121 (9th Cir. 1991). Here, the Board set forth the Rams' two most persuasive claims--the detention of Anant Ram's brother-in-law and the attack on the Rams' house--but determined that they did not establish past persecution or a well-founded fear of persecution. The Board's opinion is adequate to enable us to conduct our review, and it omitted no important evidence.
 
 V
 
 17
 Because the Rams failed to demonstrate the requisite persecution or fear of persecution required for asylum, it follows that they cannot meet the more stringent standard for withholding of deportation. DeValle v. INS, 901 F.2d 787, 793 (9th Cir. 1990).
 
 
 18
 The petition for review is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 After the Rams filed their petition for review in this case, they filed a motion to reopen with the Board. The Rams then moved to have us hold our decision in abeyance or dismiss their petition without prejudice pending the outcome of their motion to reopen. We deny the Rams' motion. When a motion to reopen is filed after the petition for review, we are not divested of jurisdiction. Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir. 1992). Rather, we have discretion to either suspend our proceedings or continue. Because concerns of judicial efficiency weigh in favor of addressing the merits of the petition before us, we will do so. We will, however, direct the clerk by separate order to withhold the mandate for not less than 60 days from the date of filing of this memorandum