50 F.3d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leopoldo Vinluan PALARCA, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-70766.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1995.*
Decided March 20, 1995.
 
 1
 Before: BROWNING and BEEZER, Circuit Judges, and JONES, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Leopoldo Vinluan Palarca, a citizen of the Philippines, petitions for review of a ruling of the Board of Immigration Appeals ("Board") affirming the Immigration Judge's denial of his application for asylum and withholding of deportation. The Board concluded that Palarca did not present credible evidence of either past persecution or a well-founded fear of future persecution and that even if his evidence was credible, it did not establish grounds for asylum. We have jurisdiction over this timely filed petition pursuant to 8 U.S.C. Sec. 1105a(a). We deny the petition.
 
 
 4
 * Section 208(a) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1158(a), authorizes the Attorney General, in her discretion, to grant asylum to an alien who is a refugee. The Act defines refugees as aliens who are unable or unwilling to return to their country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. Sec. 1101(a)(42)(A).
 
 
 5
 A well-founded fear of persecution has both objective and subjective components. Estrada-Posadas v. INS, 924 F.2d 916, 918 (9th Cir.1991). The subjective component may be satisfied by "an applicant's credible testimony that he genuinely fears persecution." Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). The objective inquiry "requires a showing by credible, direct, and specific evidence of facts supporting a reasonable fear of persecution on the relevant ground." Shirazi-Parsa v. INS, 14 F.3d 1424, 1427 (9th Cir.1994) (internal quotations and citations omitted).
 
 
 6
 Petitioners cannot establish a well-founded fear of persecution unless they present credible evidence in support of an application. Estrada-Posadas, 924 F.2d at 918-19. An adverse credibility finding based on a specific, cogent reason will be upheld under the substantial evidence standard. Id. at 919; see INS v. Elias-Zacarias, 112 S.Ct. 812, 815-17 (1992) (explaining standard of review under substantial evidence standard).
 
 II
 
 7
 Palarca argues that the Immigration Judge and Board erred in finding his testimony not credible.[1] He contends that he provided all the facts and details necessary to establish persecution. We disagree.
 
 
 8
 Palarca claimed that he had been kidnapped in 1982 by several armed members of the New People's Army ("NPA"), a communist paramilitary group. After being taken to NPA headquarters, Palarca met approximately ten times with Commander Cobra, an NPA leader. Palarca eventually agreed under threat of death to carry out a mission for the NPA. Palarca was given a firearm and told to travel to Quezon City in the Philippines and meet a man named Rudolfo Chavez.
 
 
 9
 According to Palarca, when he arrived in Quezon City, he decided to break contact with the NPA. He moved in with a friend and remained for several months. He had no further contact with the NPA. Palarca eventually applied for a nonimmigrant visa to visit the United States, entered this country, and failed to timely depart.
 
 
 10
 Substantial evidence supports the determination of the Board and the Immigration Judge that Palarca's testimony was not credible. The story lacks any ring of truth. Palarca was not politically active, nor had he held any important or sensitive positions. Thus, no explanation exists for the NPA's alleged interest in Palarca. The alleged "mission" is also implausible. Palarca admitted that he was given no information about Chavez, no description of him, and no information to deliver.[2] We agree with the well-reasoned statement of the Immigration Judge:
 
 
 11
 [Palarca's] entire story simply is implausible ... The entire purpose of the mission is unclear. [W]hy was a captive allowed to travel alone without guard a distance of three hours and given a revolver in order to accomplish this mission? It simply doesn't make sense. It lacks the ring of truth. His story appears fabricated and contrived.
 
 
 12
 The Board agreed with this determination, adding that "[w]e also refer to his testimony that he never heard from the NPA after he absconded, despite the fact that he remained in the city where they had sent him."
 
 
 13
 Palarca's story was also completely lacking in detail or corroboration. Furthermore, Palarca gave inconsistent renditions of various aspects of his story during the hearing. The Board gave specific examples of both the lack of detail and the presence of inconsistencies, including Palarca's different answers to direct and cross-examination questions. Because Palarca's entire claim for asylum was based on the alleged coercion of the NPA during the meetings with Commander Cobra, it was not unreasonable for the Board to examine the detail and consistency of Palarca's recollection of the meetings. Finally, Palarca's written asylum application contained no information about the meetings with Cobra. Indeed, the application did not even mention that the meetings occurred. This fact also detracts from Palarca's credibility. Palarca offers no explanation for any inconsistencies. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir.1992).
 
 
 14
 The Immigration Judge and the Board are not obligated to accept an applicant's story. We will not reverse an adverse credibility finding merely because the Board could have believed the story. See Saballo-Cortez v. INS, 761 F.2d 1259, 1266 (9th Cir.1985) (court will defer to credibility findings supported by the record); Sarvia-Quintanilla v. INS, 767 F.2d 1387, 1395 (9th Cir.1985) (court will not "second guess" the immigration judge if substantial evidence supports credibility determination). Here, the Board did not believe Palarca, and it provided specific, cogent reasons for its disbelief.
 
 
 15
 Palarca argues that inconsistencies and discrepancies do not necessarily render his story not credible. He is, of course, correct. The Board can, however, consider inconsistencies in determining the credibility of the applicant. It did exactly that in this case. We will not disturb the Board's judgment.
 
 III
 
 16
 The Board also found that even assuming the truth of Palarca's testimony, he still did not establish a well-founded fear of persecution upon return to the Philippines based on one of the five grounds enumerated in section 101(a)(42)(A) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1101(a)(42)(A). Because we affirm the Board's credibility findings, we need not address whether Palarca's testimony, taken as true, establishes a well-founded fear of persecution. The lack of credible testimony defeats Palarca's eligibility for asylum. Berroteran, 955 F.2d at 1258.
 
 
 17
 Moreover, because Palarca failed to present credible testimony that subjectively "he genuinely fears persecution," Acewicz, 984 F.2d at 1061, he cannot meet the more stringent standard of a "clear probability of persecution" required for eligibility for withholding of deportation. See De Valle v. INS, 901 F.2d 787, 790 (9th Cir.1990).
 
 IV
 
 18
 Palarca also contends that the "discriminatory denial" of his application for asylum constituted a violation of his due process rights. Palarca offers no argument, legal precedent, or evidence in support of his assertion. We reject it as wholly without merit.
 
 
 19
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Robert E. Jones, United States District Judge for the District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Palarca frames the issue in his brief as whether the Board abused its discretion in dismissing his petition. His argument, however, addresses the Board's credibility findings. The credibility issue is the only one we need address on appeal because an applicant must first establish statutory eligibility for asylum. INS v. Cardoza-Fonseca, 480 U.S. 421, 428 n. 5 (1987). Because the Board did not find Palarca's testimony credible, it never had the opportunity to exercise any discretion
 
 
 [2]
 Although Palarca contended in his brief that he was "supposed to hand over to Rudolfo Chavez some important information," Palarca testified at the asylum hearing that he was not given any information to hand to Chavez