68 F.3d 481
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Francisco Javier PICHARDO-SANCHEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70158.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 11, 1995.*
Decided Oct. 20, 1995.
 
 1
 Before: BEEZER, THOMPSON, and T.G. NELSON, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Francisco Javier Pichardo-Sanchez, a native and citizen of Nicaragua, petitions pro se for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an immigration judge's ("IJ") decision finding him deportable as charged and denying his applications for asylum and withholding of deportation pursuant to 8 U.S.C. Secs. 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and we deny the petition for review.
 
 
 4
 We review for abuse of discretion the BIA's denial of asylum, see Abedini v. INS, 971 F.2d 188, 191 (9th Cir. 1992), and for substantial evidence the decision to deny the withholding of deportation, see Kazlauskas v. INS, 46 F.3d 902, 907 (9th Cir. 1995). We review factual findings underlying the determination for substantial evidence and will reverse only if the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. See Abedini, 971 F.2d at 191.
 
 
 5
 To qualify for asylum, Pichardo-Sanchez must demonstrate that he has a well-founded fear of persecution in Nicaragua on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. Secs. 1101(a)(42), 1158(a); Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir. 1992). To qualify for withholding of deportation, Pichardo-Sanchez must meet a higher standard and present evidence of a clear probability of persecution. See 8 U.S.C. Sec. 1253(h); Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir. 1993).
 
 
 6
 Pichardo-Sanchez contends that the BIA abused its discretion by denying his asylum application because he established a showing of past persecution or a well-founded fear of future persecution. This contention lacks merit.
 
 
 7
 Pichardo-Sanchez claims past persecution and fear of future persecution because he was: (1) a member of the Social Christian Party; (2) detained by the Sandinistas for twenty-four hours in September 1986; and (3) refused to perform compulsory military service.
 
 
 8
 We agree with the BIA that Pichardo-Sanchez failed to establish past persecution or a well-founded fear of future persecution. Pichardo-Sanchez's 1986 detention lasted only twenty-four hours and he was initially detained due to a mistaken identity. See Mendez-Efrain v. INS, 813 F.2d 279, 283 (9th Cir. 1987). Further, he was not beaten, harmed or threatened. See id. Finally, Pichardo-Sanchez's wife and children still reside in Nicaragua, apparently without incident. See id.
 
 
 9
 Second, to the extent that Pichardo-Sanchez contends that he fears persecution due to his refusal to join the military, we have held that sovereign nations have a right to require military service and punish individuals for avoidance of military service. See Castillo v. INS, 951 F.2d 1117, 1122 (9th Cir. 1991); Rodriguez-Rivera v. INS, 848 F.2d 998, 1005 (9th Cir. 1988) (per curiam).
 
 
 10
 Finally, the BIA did not err in taking notice that there is no likelihood that Pichardo-Sanchez would face persecution from the Sandinistas because the Sandinista government was voted out of office in 1990, and thus participation in Sandinista organizations and events is no longer necessary. See Kazlauskas, 46 F.3d at 906 n.3 (stating that fundamental political changes are highly relevant to the likelihood of future persecution). Pichardo-Sanchez's assertion that the Sandinistas are still in control of the country is insufficient to show that he would be subject to "particularized threat of persecution" apart from the general population. See Kotasz v. INS, 31 F.3d 847, 851-52 (9th Cir. 1994); Estrada-Posadas v. INS, 924 F.2d 916, 920 (9th Cir. 1991). Therefore, we conclude that the BIA did not abuse its discretion by denying Pichardo-Sanchez's application for asylum. See Abedini, 971 F.2d at 191.
 
 
 11
 Because the standard for withholding of deportation is higher than the standard for a grant of asylum and because Pichardo-Sanchez did not meet the lower standard for a grant of asylum, we affirm the BIA's denial of Pichardo-Sanchez's request for withholding of deportation. See Acewicz, 984 F.2d at 1062.
 
 
 12
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3