76 F.3d 388
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Florencio Feliciano SOLIS-GOMEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70707.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 23, 1996.*
Decided Jan. 25, 1996.
 
 Before: ALARCON, HALL, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Florencio Feliciano Solis-Gomez, a native and citizen of Nicaragua, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming the order of an immigration judge ("IJ") denying his requests for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a), 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 We review for abuse of discretion a denial of asylum. Kazlauskas v. INS, 46 F.3d 902, 905 (9th Cir.1995). To establish eligibility for asylum, Solis-Gomez must show that he has a well-founded fear of persecution in Nicaragua on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. §§ 1101(a)(42), 1158(a); Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). Solis-Gomez must show both a genuine subjective fear of persecution and an objectively reasonable fear. See Acewicz, 984 F.2d at 1061. "The objective inquiry requires 'a showing by credible, direct, and specific evidence of facts supporting a reasonable fear of persecution' " on account of one of the enumerated grounds. Prasad v. INS, 47 F.3d 336, 338 (9th Cir.1995) (quoting Shirazi-Parsa v. INS, 14 F.3d 1424, 1427 (9th Cir.1994)).
 
 
 4
 Solis-Gomez contends that the BIA's decision that he failed to establish a well founded fear of persecution is not supported by substantial evidence. This contention lacks merit.
 
 
 5
 At the IJ hearing, Solis-Gomez claimed that, as a lieutenant in the Managua fire department, he had refused to conduct armed night watches as part of the Sandinista efforts to militarize the fire department. Solis-Gomez claimed that he was threatened with imprisonment if he refused to comply with this requirement. Ultimately, Solis-Gomez resigned from his job with the fire department, which he had held for approximately thirty years, because he opposed the Sandinista efforts to create a police state by further militarization of the civilian population. Solis-Gomez claims that as a result of leaving his job, he was labelled a deserter, an anti-Sandinista political opinion was imputed to him, and he was harassed and intimidated by Sandinista supporters.
 
 
 6
 The BIA's finding that Solis-Gomez lacked an objectively reasonable, well-founded fear of persecution is supported by substantial evidence. See Prasad, 47 F.3d at 340; Kazlauskas, 46 F.3d at 906. First, due to the presence of the newly elected democratic government in Nicaragua, it is unlikely that Solis-Gomez would face persecution upon his return. See Kazlauskas, 46 F.3d at 906 n. 3 (stating that fundamental political changes are highly relevant to the likelihood of future persecution). Second, Solis-Gomez's assertion that the Sandinistas are still in control of the military in Nicaragua is insufficient to show that he would be subject to a "particularized threat of persecution" apart from the general population. See Kotasz v. INS, 31 F.3d 847, 851-52 (9th Cir.1994); Estrada-Posadas v. INS, 924 F.2d 916, 920 (9th Cir.1991). Finally, Solis-Gomez's assertion that he is viewed as a deserter from the Sandinista military is insufficient to show that a political opinion was imputed to him based upon his desertion. See De Valle v. INS, 901 F.2d 787, 792 (9th Cir.1990) (finding that petitioner failed to show that a political opinion was imputed to her husband due to his desertion from the military).
 
 
 7
 Because the standard for withholding of deportation is higher than the standard for a grant of asylum, and because Solis-Gomez has failed to meet the lower standard for a grant of asylum, we affirm the BIA's denial of withholding of deportation. See Prasad, 47 F.3d at 340; Acewicz, 984 F.2d at 1062.
 
 
 8
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3