**Ilma M. RODRIGUEZ, a.k.a. Carmen Cecilia Martinez–Mora, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 01–70698.**

**INS Nos. A71–621–809 A74–433–274.**

United States Court of Appeals, Ninth Circuit.

Submitted May 13, 2002 *.

Decided May 29, 2002.

Before FERNANDEZ, THOMAS, and WARDLAW, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Pursuant to the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), the transitional rules apply, *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir. 1997), and we therefore have jurisdiction under 8 U.S.C. § 1105a(a), as amended by IIRIRA § 309(c), *see Avetova–Elisseva v. INS*, 213 F.3d 1192, 1195 n. 4 (9th Cir.2000).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Ilma M. Rodriguez, a native and citizen of Colombia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") order denying suspension of deportation and voluntary departure. We have jurisdiction pursuant to 8 U.S.C. § 1105a.[1] Where, as here, the BIA conducts a de novo review of the record, we review the BIA's decision. *See De Leon–Barrios v. INS,* 116 F.3d 391, 393 (9th Cir.1997). We deny the petition.

The BIA properly denied suspension of deportation because Rodriguez, who was deported in 1992, did not accrue the requisite seven years' continuous presence in the United States. *Cf. Barragan–Sanchez v. Rosenberg,* 471 F.2d 758, 760 (9th Cir. 1972) (holding that alien's continuous presence in the country was interrupted by voluntary departure under threat of deportation proceedings).

The BIA properly denied voluntary departure because of Rodriguez's admission that she lied in her 1992 deportation proceedings regarding her name and country of citizenship. *See Estrada–Posada v. INS,* 924 F.2d 916, 920–21 (9th Cir.1991).

PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Pursuant to the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), the transitional rules apply, *see Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir. 1997), and we therefore have jurisdiction under 8 U.S.C. § 1105a(a), as amended by IIRI-

