50 F.3d 14
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rosa Delmy HERNANDEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70151.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided March 23, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rosa Delmy Hernandez petitions for review of the Board of Immigrations Appeals' (BIA) order affirming the Immigration Judge's denial of her request for withholding of deportation and asylum. Hernandez concedes that she is deportable, but contends that she has established the requisite fear of persecution. We have jurisdiction under 8 U.S.C. Sec. 1105a(a) and deny the petition.
 
 
 3
 A petitioner is entitled to mandatory withholding of deportation under 8 U.S.C. Sec. 1253(h)(1) if she shows a clear probability that she would be persecuted upon return. Estrada-Posadas v. United States INS, 924 F.2d 916, 920 (9th Cir.1991). A petitioner is entitled to asylum under 8 U.S.C. Sec. 1158(a) if she establishes a well-founded fear of persecution on account of political opinion that is both subjectively genuine and objectively reasonable. Abedini v. United States INS, 971 F.2d 188, 191 (9th Cir.1992). We review the BIA's decision under the substantial evidence standard. Id. If substantial evidence supports the BIA's determination that the petitioner does not qualify for asylum, it follows that the denial of withholding of deportation is also correct. Estrada-Posadas, 924 F.2d at 920.
 
 
 4
 Hernandez asserts that on three occasions she refused to give food or information about "the left" to men wearing green uniforms and masks. A few months later, men wearing civilian clothes threatened her and her brother. Her brother was killed, and the men returned to inform Hernandez that his death was a warning for her to leave the country.
 
 
 5
 We conclude that the evidence is not "so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Abedini, 971 F.2d at 191. Hernandez did not belong to a political organization and did not publicly express political opinions. See id. at 192. Nor did she show that the persecutors attributed political beliefs to her acts. See id. She merely refused to give food and information to men she believed were members of the death squads. Cf. INS v. Elias-Zacarias, 504 U.S. 478, 480 (1992) (petitioner's refusal to join guerrilla military forces did not amount to an expression of political opinion). Hernandez did not show that the government or guerrillas participated in her brother's death or that his death was politically motivated. See Estrada-Posadas, 924 F.2d at 919-20 (denying relief when family members had been killed because alien failed to show that deaths were politically motivated); Cuadras v. INS, 910 F.2d 567, 571 (9th Cir.1990) (same); Rebollo-Jovel v. INS, 794 F.2d 441, 447-48 (9th Cir.1986) (denying claim even though uncle's death was politically motivated and alien threatened to mind his own business because nothing suggested that persecution would be directed at alien as an individual or that it would be politically motivated). Her four children, mother, and seven siblings have remained in El Salvador without harm. See Cuadras, 910 F.2d at 571 (claim of persecution undercut by fact that other family members reside unmolested in El Salvador). We have held consistently that a citizen of El Salvador cannot satisfy the statute by pointing to the widespread violence. Rebollo-Jovel, 794 F.2d at 448. Because Hernandez did not meet her burden to show an objectively reasonable fear of persecution under either the withholding or asylum standards, we do not reach the Board's findings about her credibility. See Estrada-Posadas, 924 F.2d at 919.
 
 
 6
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3