56 F.3d 73
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Reza Salman SHEMIRANI; Shirin Ahmed Khan Shemirani; Ali
Ahmed Khan Shemirani; Shahnaz Tufai Shemirani, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70925.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1995.*
Decided May 15, 1995.
 
 1
 Before: HALL and LEAVY, Circuit Judges, and HOGAN, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Reza Salman Shemirani ("Shemirani"), an Iranian citizen, his wife Shahnaz, a native of Kuwait and a citizen of Pakistan, and their two children, both natives of Kuwait, petition for review of a decision of the Board of Immigration Appeals' ("BIA"). The BIA dismissed petitioners' appeal, affirming the Immigration Judge's ("IJ") denial of their applications for asylum and withholding of deportation. Shemirani contends that he and his family are entitled to asylum and withholding of deportation, having established both a well-founded fear and a clear probability of persecution. We affirm.
 
 
 4
 Shemirani testified that his fear of persecution was based on the following alleged facts: (1) his father had been a longtime member of SAVAK, the Shah of Iran's intelligence agency, (2) Shemirani himself had been incarcerated and interrogated in 1980 because the Khomeini regime wanted information about his father, (3) Shemirani's release was conditioned upon his agreement to join either the military or SAVAMA, Khomeini's intelligence agency; Shemirani had agreed to join SAVAMA, but had fled the country instead and (4) Shemirani's mother was briefly incarcerated in 1980, allegedly for the purpose of exerting control over Shemirani.
 
 
 5
 The BIA concurred in the IJ's conclusion that Shemirani's testimony was not credible. Based on our review of the record, we find that the IJ's credibility assessment was supported by substantial evidence and that the IJ provided specific and cogent reasons for his determination.
 
 
 6
 The IJ found it implausible that SAVAMA, Khomeini's intelligence agency, would have any interest in recruiting Shemirani, who, according to his own testimony, had been suspected of subversive activities against Khomeini's regime. This line of reasoning has been held to constitute a specific and cogent reason supporting an adverse credibility finding. See De Valle v. I.N.S., 901 F.2d 787, 792 (9th Cir. 1990) (upholding BIA's adverse credibility determination where "[i]t doesn't seem logical that if the army truly viewed [Mr. De Valle] as a guerilla due to his desertion, the army would desire to bring [him] back onto active duty.") The IJ's rationale is also supported by the State Department's advisory opinion that, based on an "analysis of country conditions and other relevant factors, plus the specific information provided in [Shemirani's] application," "it is highly unlikely that the regime would seek to recruit someone it had targeted for persecution."
 
 
 7
 Additionally, there were significant internal inconsistencies in Shemirani's testimony, as well as substantial inconsistencies between his first and second asylum applications. We conclude that the IJ provided specific and cogent reasons for disbelieving Shemirani's testimony that he had no knowledge of the false claims made in the first application. Shemirani characterizes the inconsistencies between his asylum applications as mere "enhancements" of the facts motivated by and consistent with his fear of persecution. Although Shemirani is correct that "[u]ntrue statements by themselves are not reason for refusal of refugee status and it is the examiner's responsibility to evaluate such statements in the light of all the circumstances of the case," the IJ's adverse credibility determination finds full support in the record. Turcios v. I.N.S., 821 F.2d 1396, 1400 (9th Cir. 1987) (emphasis added). Unlike the petitioner in Turcios who falsely claimed that he was Mexican in order to avoid deportation to El Salvador, Shemirani's misstatements involved key aspects of his asylum claim. See Ceballos-Castillo v. I.N.S., 904 F.2d 519, 520 (9th Cir. 1990) (distinguishing Turcios on the ground that petitioner's misstatements there were incidental, unlike the misstatements of Ceballos-Castillo, which involved the heart of the asylum claim).
 
 
 8
 One of the alleged bases for petitioner's entitlement to asylum was the fact that he reneged on his promise to join SAVAMA, Khomeini's intelligence agency. However, as stated earlier, the IJ expressed a specific and cogent reason, supported by the State Department's opinion, for discounting this rationale when he noted the illogic of Shemirani's claim that SAVAMA would have any interest in recruiting him, a suspected political enemy. Also going to the "heart" of Shemirani's claims of persecution were (1) the misstatements contained in the first asylum application, including claims that Shemirani had been labelled an American spy and had been tortured as a result of his anti-Khomeini political beliefs and (2) Shemirani's failure to mention during his hearing that his father had been executed, as represented in the second asylum application.
 
 
 9
 The IJ found, and the BIA agreed, that even assuming the credibility of Shemirani's testimony, petitioner failed to meet his burden of proving a well-founded fear of persecution based on political opinion. The evidence in the record is not indicative of persecution based on political opinion, and substantial evidence supports the BIA's determination. Shemirani's claim that the Iranian government sought to persecute him due to his association with his father is undermined by his own testimony that he was released after it was determined that he had no useful information about his father. Although the BIA is not permitted "to infer that an applicant is unlikely to be persecuted solely because the applicant was released," here the BIA's decision was supported by other substantial evidence. Mendez-Efrain v. I.N.S., 813 F.2d 279, 282 (9th Cir. 1987) (emphasis in original). For example, also undermining petitioner's fear of persecution is his testimony that his mother, whom the Iranian government allegedly arrested as a means of exerting control over Shemirani, has remained unharmed since her release from prison in 1980. Notably, this is the case even though petitioner allegedly reneged on a conditional promise to join SAVAMA upon his mother's release. The continued safe residence of an applicant's family members can constitute substantial evidence supporting the BIA's determination. Id. See also Estrada-Posadas v. U.S. I.N.S., 924 F.2d 916, 920 (9th Cir. 1991) (fact that family remains unharmed undercuts alien's claim of well-founded fear of persecution); Cuadras v. U.S. I.N.S., 910 F.2d 567, 571 (9th Cir. 1990) (same); Vides-Vides v. INS, 783 F.2d 1463, 1467 (9th Cir. 1986) (same).
 
 
 10
 Because petitioner has not established a well-founded fear of persecution, he has also necessarily failed to qualify for withholding of deportation, which requires an applicant to demonstrate a "clear probability of persecution" -- i.e., that persecution is more likely than not to occur. De Valle, 901 F.2d at 790.
 
 
 11
 Shemirani's final argument is that the Supreme Court violated the Constitution when it held that the BIA may be reversed only if the evidence the petitioner presented "was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 112 S. Ct. 812 (1992). This argument is misdirected given that the Ninth Circuit has no authority to overrule the Supreme Court. In any event, this court has interpreted Elias-Zacarias to be wholly consistent with the substantial evidence standard. Ghebllawi v. I.N.S., 28 F.3d 83, 85-86 (9th Cir. 1994) (clarifying that the Elias-Zacarias Court did not intend to alter the "normal principles of administrative review"); Nasseri v. Moschorak, 34 F.3d 723, 726 (9th Cir. 1994). As detailed above, the BIA's decision was supported by substantial evidence.
 
 
 12
 PETITIONS DENIED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 The Honorable Michael R. Hogan, Chief United States District Judge for the District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3