74 F.3d 1245
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roger Alfredo GONZALES-OBANDO Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE Respondent.
 No. 94-70567.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 11, 1996.*
Decided Jan. 17, 1996.
 
 Before: LAY,** GOODWIN, and PREGERSON, Circuit Judges.
 
 MEMORANDUM[1]
 
 1
 Roger Alfredo Gonzalez-Obando, a citizen of Nicaragua, appeals the decision of the Board of Immigration Appeals ("BIA") affirming the denial of his application for asylum and withholding of deportation. Gonzales contends that the evidence compels the conclusion that he suffered past persecution and has a well-founded fear of persecution if he returns to Nicaragua. We review the decision of the BIA for substantial evidence. INS v. Elias-Zacharias, 502 U.S. 478 (1992).
 
 I. Past Persecution
 
 2
 In order to establish past persecution, an asylum applicant must show that he was harmed on account of a belief or characteristic related to race, religion, nationality, membership in a particular social group, or political opinion. See, e.g., Desir v. Ilchert, 840 F.2d 723, 727 (9th Cir.1988).
 
 
 3
 The incidents complained of by the petitioner do not meet the legal asylum requirements for past persecution or provide a basis for a well-founded fear of persecution. Petitioner's exclusion from school resulted from his refusal to participate in the coffee harvest, a requirement placed on all students. There is no evidence to support his allegation that his exclusion from school was politically motivated, i.e. a result of his uncles' relations with the Somoza regime. See INS v. Elias-Zacharias, 502 U.S. 478 (1992). The isolated incident of harassment of petitioner's family for their refusal to participate in the Sandinista sponsored community activities does not rise to the level of persecution required under the Immigration and Nationality Act (the "INA")--even if we assumed that it was politically motivated.[2] See Bolanos-Hernandez v. INS, 767 F.2d 1277, 1285 (9th Cir.1984). Petitioner's inability to find work, the recission of his family's food ration card, and the restriction of his father's gas license so that he could not sell extra gas were not so harmful as to constitute persecution, especially given the fact that petitioner did not claim that his family suffered any substantial harm as a result. See Saballo-Cortez v. INS, 761 F.2d 1259, 1264 (9th Cir.1985) (denial of food ration card and work permission by the Sandinistas is not persecution).
 
 II. Well Founded Fear of Persecution
 
 4
 In order to prove a well-founded fear of persecution, the applicant must show that a reasonable person in the same circumstances would fear persecution. Elnagar v. INS, 930 F.2d 784, 786 (9th Cir.1991). A "well-founded fear" is both subjective and objective in that an alien must have a genuine fear of persecution and provide evidence that would support a reasonable fear of persecution. Estrada-Posadas v. INS, 924 F.2d 916, 918 (9th Cir.1991).
 
 
 5
 Petitioner's claim of a well-founded fear of persecution is undermined by the fact while in Nicaragua, petitioner was never personally questioned, detained, or harmed by government officials. Even after being excluded from school, petitioner did not encounter any other problems before he left six months later. See Rodriguez-Rivera v. INS, 848 F.2d 998, 1006 (9th Cir.1988) (fact that petitioner lived undisturbed in El Salvador for two months after he was threatened undermines claim of well-founded fear); Espinoza-Martinez v. INS, 754 F.2d 1535, 1540 (9th Cir.1985).
 
 
 6
 In addition, petitioner's claim that he fears persecution based on imputed family political opinion (due to his uncles' participation in the Somoza regime) was not supported by the record. His family was not actively involved, if at all, in opposition political activity that would make it a regular object of politically motivated persecution contemplated by the INA. Cf Ramirez-Rivas, 899 F.2d 864, 870 (9th Cir.1990) (petitioner's family was so actively involved in political opposition that her surname was notorious and she did have a well-founded fear of persecution).
 
 
 7
 Finally, and perhaps most importantly, there is now a democratically elected government in Nicaragua and most of the Sandinista activities feared by the petitioner have ceased.
 
 
 8
 Accordingly, we find that the denial of asylum was based on substantial evidence. Because the standard for proving eligibility for withholding of deportation is higher than that for asylum, we also affirm the denial of the request to withhold deportation.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Honorable Donald P. Lay, Senior U.S. Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation
 
 
 [1]
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [2]
 The police actually responded to investigate the demonstration against petitioner's family