76 F.3d 388
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Suraj Kali PRASAD, et al., Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70618.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1995.*
Decided Feb. 9, 1996.
 
 1
 Before: WALLACE, Chief Judge, THOMPSON, Circuit Judge, and SEDWICK,** District Judge.
 
 MEMORANDUM
 
 2
 Suraj Kali Prasad and her children, Vikrant and Nilesh Prasad ("petitioners"), ethnic Indian citizens of Fiji, petition for review of the decision by the Board of Immigration Appeals ("Board") upholding the Immigration Judge's ("IJ") denial of their application for asylum and withholding of deportation pursuant to 8 U.S.C. §§ 1158 and 1253. The Board exercised jurisdiction pursuant to 8 C.F.R. §§ 3.1(b)(2) and 242.21. We have jurisdiction over petitioners' timely petition for review pursuant to 8 U.S.C. § 1105a. We conclude that there was substantial evidence from the record as a whole to support the IJ's and, consequently, the Board's, findings that Prasad failed to show a well-founded fear of persecution. Therefore, we deny review.
 
 
 3
 Under Section 208(a) of the Immigration and Nationality Act, as amended ("INA"), 8 U.S.C. § 1158(a), the Attorney General has discretion to grant asylum if the applicant shows she is a "refugee." A refugee is defined as any person who is unable or unwilling to return to her country of origin because she has experienced either past persecution or has a well-founded fear of persecution, due to her race, religion, nationality, membership in a particular social group, or political opinion. INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A).
 
 
 4
 A well-founded fear of persecution has both objective and subjective components. Estrada-Posadas v. INS, 924 F.2d 916, 918 (9th Cir.1991). The applicant may satisfy the subjective component by providing credible testimony that she genuinely fears persecution. The objective inquiry "requires a showing by credible, direct, and specific evidence of facts supporting a reasonable fear of persecution" on one of the grounds enumerated in the INA. Id. The applicant also must demonstrate that she would be subject to "particularized individual persecution" apart from the general population. See Prasad v. INS, 47 F.3d 336, 340 (9th Cir.1995).
 
 
 5
 "[P]ersecution involves the infliction of suffering or harm upon those who differ (in race, religion or political opinion) in a way regarded as offensive." Desir v. Ilchert, 840 F.2d 723, 727 (9th Cir.1988) (quoting Kovac v. INS, 407 F.2d 102, 107 (9th Cir.1969)). "Discrimination on the basis of race or religion, as morally reprehensible as it may be, does not ordinarily amount to 'persecution' within the meaning of the [INA]." Ghaly v. INS, 58 F.3d 1425, 1431 (9th Cir.1995); Prasad, 47 F.3d at 339.
 
 
 6
 To qualify for withholding of deportation, an alien must meet a higher standard and present evidence of a clear probability of persecution. Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993) (citing INS v. Stevic, 467 U.S. 407, 429-30, 104 S.Ct. 2489, 2501 (1984)). It must be "more likely than not" that the applicant will be persecuted upon deportation. Id. (citing INS v. Cardoza-Fonseca, 480 U.S. 421, 430, 107 S.Ct. 1207, 1212 (1987)).
 
 
 7
 First, with respect to petitioners' objection to the IJ's reliance on the reports from the Department of State, Bureau of Human Rights and Humanitarian Affairs ("BHRHA"), Annual Country Reports on Human Rights Practices, this court has found that substantial evidence supported the IJ's conclusion where "the IJ based his analysis on the 1991 State Department Country Report on Human Rights Practices, which has been described as 'the most appropriate and perhaps the best resource' for 'information on political situations in foreign nations.' " Kazlauskas v. INS, 46 F.3d 902, 906 (9th Cir.1995) (quoting Rojas v. INS, 937 F.2d 186, 190 n. 1 (5th Cir.1991)). See also Getachew v. INS, 25 F.3d 841, 847-88 (9th Cir.1994); Prasad, 47 F.3d at 340.
 
 
 8
 With respect to Prasad's assertion that she fears persecution based upon her political beliefs because she was politically active before the coup, Prasad has presented no specific facts supporting a reasonable fear of future persecution, particularly because she is no longer politically active. Even if there had been past persecution for political belief, past persecution alone is sufficient to warrant granting asylum only in situations in which the applicant has suffered "under atrocious forms of persecution," Acewicz v. INS, 984 F.2d 1062 (citing Matter of Chen, Int.Dec. 3104 at 4-5 (BIA 1989)); Desir v. Ilchert, 840 F.2d 723, 729 (9th Cir.1988), which are not present here.
 
 
 9
 With respect to petitioners' fear of persecution based on their membership in a social group, the acts Prasad describes involving harassment against ethnic Indians, including herself, by soldiers and ethnic Fijians are clearly disturbing, but they appear to be random. There is no evidence that the Fijian government targeted petitioners in the past, or that any potential persecution would be directed at them as individuals. See Rebollo-Jovel v. INS, 794 F.2d 441, 448 (9th Cir.1986); Sanchez-Trujillo v. INS, 801 F.2d 1571, 1574 (9th Cir.1986); Rodriguez-Rivera v. INS, 848 F.2d 998, 1006 (9th Cir.1988). Furthermore, reprehensible as the described conduct may be, this case does not present the egregious conduct constituting a pattern or practice of persecution of petitioners' entire group. See Kotasz v. INS, 31 F.3d 847, 853-54 (9th Cir.1994). Accordingly, the IJ's conclusion that petitioners failed to establish the requisite fear of persecution for asylum is supported by substantial evidence. While petitioners may have a subjective fear of persecution upon their return to Fiji, they did not present specific evidence to support an objectively reasonable, well-founded fear of persecution. See Prasad, 47 F.3d at 339; Shirazi-Parsa v. INS, 14 F.3d 1424, 1427 (9th Cir.1994). Because petitioners have not met the requirements for asylum, it follows that they cannot meet the more stringent standard for withholding of deportation. De Valle v. INS, 901 F.2d 787, 793 (9th Cir.1990).
 
 
 10
 REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable John W. Sedwick, United States District Judge, District of Alaska, sitting by designation