79 F.3d 1153
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rosa Elena GONZALEZ-VALDEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70579.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 6, 1996.*
Decided March 13, 1996.
 
 Before: BROWNING, WALLACE, and FARRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gonzalez-Valdez petitions us to review the ruling of the Board of Immigration Appeals that she is ineligible for suspension of deportation or voluntary departure.
 
 
 3
 The Attorney General "may, in his discretion," suspend deportation if the alien:
 
 
 4
 has been physically present in the United States for a continuous period of not less than seven years ..., and proves that during all of such period he was and is a person of good moral character; and is a person whose deportation would, in the opinion of the Attorney General, result in extreme hardship to the alien or to his spouse, parent, or child, who is a citizen of the United States....
 
 
 5
 8 U.S.C. § 1254(a)(1). If suspension of deportation is denied, the Attorney General "may, in his discretion," permit voluntary departure if the alien "establish[es] ... that he is, and has been, a person of good moral character for at least five years immediately preceding his application...." 8 U.S.C. § 1254(e)(1).
 
 
 6
 An alien must prove good moral character to be eligible for either suspension of deportation or voluntary departure. We review a finding by the BIA that the applicant failed to prove good moral character under an abuse of discretion standard. Estrada-Posadas v. U.S. I.N.S., 924 F.2d 916, 920-21 (9th Cir.1991). We have held that the BIA may infer a lack of good moral character if the record shows that the alien attempted to deceive immigration authorities. Id., see also Limsico v. U.S. I.N.S., 951 F.2d 210, 214 (9th Cir.1991) (BIA could infer lack of good moral character from alien's attempt to "downplay" deceipt of immigration authorities).
 
 
 7
 Gonzalez-Valdez (1) lied in her 1983 visa application by claiming to be unmarried so she could get preferential status; (2) staged a remarriage to her husband in 1988 (though the two had never been divorced) in a scheme to help him immigrate; and (3) maintained that her effort to conceal her 1980 marriage was "just a simple lie". The BIA considered "the favorable factors"--Gonzalez-Valdez's employment history and lack of a criminal record--but concluded that these did not outweigh her acts of deception and her "lack of remorse ... for her efforts to circumvent the immigration laws of this country."
 
 
 8
 The BIA did not abuse its discretion in finding that Gonzalez-Valdez lacked good moral character; she is ineligible for suspension of deportation or voluntary departure.
 
 
 9
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3