122 F.3d 1070
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nestor Alfonso FONSECA-ZAMORA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70608.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Sept. 3, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Nestor Alfonso Fonseca-Zamora, a native and citizen of Nicaragua, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision finding him ineligible for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 We review for substantial evidence the BIA's determination that at applicant is statutorily ineligible for relief. See Aruta v. INS, 80 F.3d 1389, 1393 (9th Cir.1996). Where, as here, the BIA incorporates an immigration judge's ("IJ") decision, "we treat the IJ's statement of reasons as the BIA's and review the IJ's decision." Gonzalez v. INS, 82 F.3d 903, 907 (9th Cir.1996).
 
 
 4
 Fonseca-Zamora testified that he experienced numerous instances of alleged persecution by the Sandinistas and that he feared future persecution. We summarize the relevant testimony. First, in army captain once threatened Fonseca-Zamora with a gun because he did not want Fonseca-Zamora to continue associating with his son. Second, Sandinista youths threatened to burn down his grandmother's house after they saw Fonseca-Zamora at a demonstration to support a cardinal of the Catholic church. Third, the Sandinistas briefly detained Fonseca-Zamora, his sister, and an American visitor when they inadvertently took pictures of a military base. Fourth, Fonseca-Zamora received harassing phone calls stating that "one of these days, you'll be killed." Fonseca-Zamora also received an anonymous note stating that he was being closely watched. Fifth, a state security guard stopped Fonseca-Zamora when he was driving a car registered to the mayor of Managua. The guard told Fonseca-Zamora that he would not live to see 1994. Finally, the Sandinistas allegedly fired Fonseca-Zamora from a government teaching job because they believed he was working for the CIA.
 
 
 5
 We deny Fonseca-Zamora's petition for review because we concluded that substantial evidence supports the BIA's decision finding him statutorily ineligible for relief.[1] See Prasad v. INS, 47 F.3d 336, 339-40 (9th Cir.1995); cf. Prasad v. INS, 101 F.3d 614, 617 (9th Cir.1996).
 
 
 6
 Because Fonseca-Zamora failed to satisfy the lesser standard required for asylum, we conclude that he was not entitled to withholding of deportation. See Aruta, 80 F.3d at 1396.
 
 PETITION FOR REVIEW DENIED.[2]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because we conclude that Fonseca-Zamora was ineligible for relief, we need not decide whether the BIA's adverse credibility determination was proper. See Estrada-Posadas v. INS, 924 F.2d 916, 919 (9th Cir.1991)
 
 
 [2]
 We deny Fonseca-Zamora's requests that we take judicial notice of various State Department Country Reports. See Fisher v. INS, 79 F.3d 955, 963 (9th Cir.1996) (en banc)