**Francis Elisa JOHNSON, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71077.

United States Court of Appeals, Ninth Circuit.

Submitted May 6, 2004.*

Decided May 18, 2004.

able for decision without oral argument. *See*

Kaaren L. Barr, Esq., Seattle, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS-District Counsel, Immigration And Naturalization Service, Office of the District Counsel, Seattle, WA, Linda S. Wendtland, Esq., Edward C. Durant, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HUG, TASHIMA, and PAEZ, Circuit Judges.

## MEMORANDUM **

Francis Elisa Johnson petitions for review of the Board of Immigration Appeals' ("BIA") decision adopting and affirming the immigration judge's ("IJ") decision. The IJ denied Johnson's applications for asylum, withholding of removal under 8 U.S.C. § 1231(b)(3), and withholding of removal under the Convention Against Torture ("CAT"). We lack jurisdiction to review the IJ's determination that Johnson is ineligible for asylum because he failed to apply within one year of arriving in the United States. 8 U.S.C. § 1158(a)(3); *see also Hakeem v. INS*, 273 F.3d 812, 815 (9th Cir.2001). Under 8 U.S.C. § 1252, we have jurisdiction to review the IJ's denial of withholding of removal under § 1231(b)(3) and under CAT.

Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Johnson fears torture and persecution on account of his Christian religion and the fact that he appears ethnically Chinese. To obtain relief, he must show that the evidence would compel a reasonable factfinder to conclude that Johnson would more likely than not be persecuted or tortured if he were deported to Indonesia. *See Hakeem,* 273 F.3d at 816. The IJ's denial of withholding of removal under § 1231(b)(3) is supported by substantial evidence. Although Johnson claims that he was persecuted because he lived near an area where riots occurred, he was never threatened or physically harmed during the riots. The rioters also did not damage Johnson's church or workplace. In fact, Johnson's employer protected Johnson's safety by providing Johnson with a chauffeur to drive him to and from work every day. After the riots, Johnson lived in Jakarta for fourteen months without incident, and one of his sisters still resides safely in Indonesia. *See Hakeem,* 273 F.3d at 816; *see also Estrada–Posadas,* 924 F.2d 916, 920 (9th Cir.1991). Although the record indicates that there was pervasive interreligious violence in the province of Maluku, incidences of violence in Jakarta, where Johnson lived and would likely return, were more sporadic. Because the vast majority of Indonesian Christians, particularly in Jakarta, do not suffer persecution, it is unlikely that Johnson would be the random target of violence if he returned to Indonesia. As we have explained, "even for purposes of the less stringent asylum standard, the applicant must show more than the existence of a generalized or random possibility of persecution in his native country." *Hakeem,* 273 F.3d at 816. Johnson has failed to make such a showing, let alone demonstrate that it is more likely than not that he would be persecuted. Accordingly, Johnson does not qualify for withholding of removal under § 1231(b)(3).

Substantial evidence also supported the IJ's determination that Johnson was unlikely to be tortured in Indonesia. Torture is "an act … specifically intended to inflict severe physical or mental pain or suffering" that must be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a). Residing near riots does not qualify as "severe physical or mental pain or suffering." Moreover, Johnson never alleged that public officials would torture him or acquiesce in acts of torture by others. Johnson therefore is not entitled to relief under CAT. Accordingly, we deny Johnson's petition for review.

PETITION DENIED.