**Raul Isidro RUEDA MENDOZA,
Petitioner,**

v.

**Alberto R, GONZALES,\* Attorney
General, Respondent.**

No. 03–73963.

United States Court of Appeals,
Ninth Circuit.

Submitted May 13, 2005.\*\*

Decided June 7, 2005.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Juliette Topacio Sarmiento, Esq., Berkley, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Jennifer Levings, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS and GRABER, Circuit Judges, and SELNA,*** District Judge.

## MEMORANDUM ****

Raul Isidro Rueda Mendoza petitions for review of the Board of Immigration Appeals' summary affirmance of the Immigration Judge's ("IJ's") denial of his application for asylum and restriction of removal. We deny the petition.

■ The IJ did not err in finding that Rueda Mendoza's departure to Guatemala was an abandonment of his asylum application. Because Rueda Mendoza did not obtain advance parole pursuant to 8 C.F.R. § 1208.8(b), the IJ correctly presumed his asylum application to be abandoned pursuant to 8 C.F.R. § 1208.8(a), which provides no exception for compelling circumstances.

■ The IJ also did not err in determining that even if Rueda Mendoza had not abandoned his asylum application, he still did not establish the objective prong for a well-founded fear of future persecution based on an imputed political opinion. Substantial evidence supports the IJ's findings, including (1) the lack of confrontation with any guerrillas since 1991, (2) Rueda Mendoza's family's peaceful residence in Guatemala, (3) Rueda Mendoza's own trip to Guatemala in 1997 without incident, and (4) changed country conditions in Guatemala. Furthermore, Rueda Mendoza did not provide evidence to support his belief that either the guerrillas or the Guatemalan government attributed a political opinion to him. *See Estrada–Posadas v. INS*, 924 F.2d 916, 919 (9th Cir. 1991).

■ Finally, the IJ did not err in denying Rueda Mendoza restriction on removal. Because Rueda Mendoza has not met the burden for showing asylum eligibility, he automatically fails to meet the more exacting requirements for restriction on removal. *Fisher v. INS*, 79 F.3d 955, 961 (9th Cir.1996).

PETITION DENIED.

*** The Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

**** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.